David E. De Lorenzi
Todd M. Nosher
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Telephone No.:  (973) 596-4500
Facsimile No.:  (973) 596-0545

*Of counsel:*
John W. Kozak
David M. Airan
Leonard Z. Hua
**LEYDIG, VOIT & MAYER**
Two Prudential Plaza
180 N. Stetson Avenue
Suite 4900
Chicago, IL 60601-6731
Telephone No.:  312-616-5600
Facsimile No.:  312-616-5700

*Attorneys for Defendant Molex Incorporated*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| BEL FUSE INC., BEL FUSE LTD., BEL FUSE (MACAU COMMERCIAL OFFSHORE) LTD., BEL CONNECTOR INC. and BEL TRANSFORMER INC., <br><br> Plaintiffs, <br><br> v. <br><br> MOLEX INCORPORATED, <br><br> Defendant. | Civil Action No.: 1:13-cv-02566-JBS-JS <br><br> *DOCUMENT ELECTRONICALLY FILED* <br> **ORAL ARGUMENT REQUESTED** <br><br> **Motion Date:  September 3, 2013** |

**DEFENDANT MOLEX, INC.'S MOTION TO DISMISS PLAINTIFFS' CLAIMS OF
INDIRECT INFRINGEMENT AND WILLFUL INFRINGEMENT AND TO STRIKE
THE PRAYER FOR INCREASED DAMAGES UNDER 35 U.S.C. § 284**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... II

INTRODUCTION AND BACKGROUND ............................................................................. 1

BEL FUSE'S COMPLAINT ..................................................................................................... 2

LEGAL STANDARDS .............................................................................................................. 2

    A.    Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6) .......................................... 2

    B.    Pleading Indirect Infringement Under 35 U.S.C. § 271(b) ................................... 4

    C.    Pleading Contributory Infringement Under 35 U.S.C. § 271(c) ........................... 4

    D.    Pleading Willful Infringement ............................................................................... 5

ARGUMENT .............................................................................................................................. 7

    A.    The Complaint Fails to State a Claim of Induced Infringement ........................... 7

    B.    The Complaint Fails to State a Claim of Contributory Infringement .................. 10

    C.    The Complaint Fails to State a Claim of Willful Infringement ........................... 12

    D.    Plaintiffs' Prayer for Increased Damages Under 35 U.S.C. § 284 Should be Stricken ................................................................................................................ 15

CONCLUSION ........................................................................................................................ 15

## TABLE OF AUTHORITIES

**Cases**

*Achates Reference Pub., Inc. v. Symantec Corp.*,
   2:11-CV-294-JRG-RSP, 2013 WL 693955 (E.D. Tex. Jan. 10, 2013) ...................................... 6

*Aeritas, LLC v. Alaska Air Group, Inc.*,
   893 F. Supp. 2d 680 (D. Del. Sept. 28, 2013)......................................................................... 13

*Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*,
   1:10cv910 LMB/TRJ, 2013 WL 265602 (E.D. Va. Jan. 22, 2013).......................................... 4

*Artemi Ltd. v. Safe-Strap Co., Inc.*,
   03-3382(JEI/AMD), 2013 WL 2367874 (D.N.J. May 30, 2013) .............................. 5, 9, 11, 12

*Ashcroft v. Iqbal*,
   556 U.S. 662,, 129 S. Ct. 1937 (2009).................................................................... 3, 6, 8, 10, 14

*Automated Transaction LLC v. New York Community Bank*,
   2013 WL 992423 (E.D.N.Y. Mar. 13, 2013).......................................................................... 13

*Bascom Research LLC v. Facebook, Inc.*,
   C 12-6293 SI, 2013 WL 968210 (N.D. Cal. Mar. 12, 2013)........................................ 6, 8, 9, 13

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544, 127 S. Ct. 1955 (2007)...................................................................... 3, 4, 6, 8, 10

*Brandywine Commc'ns. Techs. LLC v. Casio Computer Co. Ltd.*,
   912 F. Supp. 2d 1338 (M.D. Fla. 2012).................................................................... 10, 13, 14

*Celgene Corp. v. Teva Pharm. USA, Inc.*,
   04-4030 (FLW), 2009 WL 81352 (D.N.J. Jan. 12, 2009) ...................................................... 6, 7

*Ferguson Beauregard/Logic Controls v. Mega Sys.*,
   350 F.3d 1327 (Fed. Cir. 2003) ................................................................................................ 4

*Fuzzysharp Techs. Inc. v. NVIDIA Corp.*,
   12-cv-06375-JST, 2013 WL 2249707 (N.D. Cal. Apr. 18, 2013) .............................. 5, 9, 11, 13

*Global-Tech Appliances, Inc. v. SEB, S.A.*,
   131 S.Ct. 2060 (2011)................................................................................................ 4, 5, 8, 11

*Grobler v. Sony Computer Entm't Am. LLC*,
   5:12-CV-01526-LHK, 2013 WL 308937 (N.D. Cal. Jan. 25, 2013) ......................................... 8

*Hyman v. WM Financial Servs., Inc.*,
   07-CV-3497 (WJM), 2008 WL 1924879 (D.N.J. Apr. 29, 2008) .......................................... 15

*In re Bill of Lading Transmission and Processing Sys. Patent Litigation*,
  681 F.3d 1323 (Fed. Cir. 2012) ....................................................................... 3, 4, 5, 9, 11, 12

*In re Seagate Tech., LLC*,
  497 F.3d 1360 (Fed. Cir. 2007) ..................................................................................... 6, 13, 15

*Medtronic Vascular, Inc. v. Boston Scientific Corp.*,
  348 F. Supp. 2d 316 (D. Del. 2004).......................................................................................... 4

*Milwaukee Elec. Tool Corp. v. Hitachi Koki, Ltd.*,
  09-C-948, 2011 WL 665439 (E.D. Wis. Feb. 14, 2011) ........................................................... 6

*Multimedia Patent Trust v. Apple Inc.*,
  10-CV-2618-H, 2012 WL 6863471 (S.D. Cal. Nov. 9, 2012)................................................. 14

*Novartis Pharm. Corp. v. Teva Pharm. USA, Inc.*,
  05-CV-1887 (DMC), 2009 WL 483865 (D.N.J. Feb. 25, 2009) ............................................... 7

*Pragmatus AV, LLC v. TangoMe, Inc.*,
  11-1092-LPS, 2013 WL 571798 (D. Del. Feb. 13, 2013) .................................................... 5, 8

*Radiation Stabilization Solutions, Inc.v. Varian Medical Sys., Inc.*,
  11 C 7701, 2012 WL 3757489 (N.D. Ill. Aug. 28, 2012)............................................... 5, 9, 12

*Select Retrieval, LLC v. Bulbs.com Inc.*,
  12-10389-TSH, 2012 WL 6045942 (D. Mass. Dec. 4, 2012)............................................ 13, 14

*Superior Indus., LLC v. Thor Global Enters. Ltd*,
  700 F.3d 1287 (Fed. Cir. 2013) ................................................................... 3, 4, 5, 7, 8, 11, 12

**Statutes**

35 U.S.C. § 271(b) ............................................................................................................... 4, 7

35 U.S.C. § 271(c) ................................................................................................................. 11

35 U.S.C. § 284........................................................................................................... 1, 2, 15

**Rules**

FED. R. CIV. P. 12(b)(6) ............................................................................................................ 3

FED. R. CIV. P. 12(f)............................................................................................................... 15

FED. R. CIV. P. 50.................................................................................................................. 12

FED. R. CIV. P. 8(a)(2)............................................................................................................. 3

Pursuant to Rule 12(b)(6), Defendant Molex Inc. ("Molex") respectfully moves to dismiss the claims of indirect infringement and willful infringement in the complaint filed by Plaintiffs Bel Fuse Inc., Bel Fuse Ltd., Bel Fuse (Macau Commercial Offshore) Ltd., Bel Connector Inc. and Bel Transformer Inc. (collectively "Bel Fuse"). Molex further moves to strike Bel Fuse's prayer for increased damages under 35 U.S.C. § 284 pursuant to Rule 12(f).

## INTRODUCTION AND BACKGROUND

Bel Fuse filed an initial complaint (now dismissed) against Molex on April 12, 2012. *See Bel Fuse, Inc. v. Molex Inc.*, Civil Action No. 12-cv-2192 (D.N.J.) (Salas, J.). That complaint, like the present one, alleged infringement of U.S. Patent No. 5,736,910 ("the '910 patent"), U.S. Patent No. 7,123,117 ("the '117 patent") and U.S. Patent No. 6,840,817 ("the '817 patent") (collectively, the "patents-in-suit"). *Id.* at Dkt. 1. Shortly after filing its initial complaint, Bel Fuse offered to settle the lawsuit. Bel Fuse subsequently did not serve its complaint and the Court dismissed the action pursuant to Rule 4(m) on November 8, 2012. *Id.* at Dkt. 8.

Bel Fuse filed the present action on April 22, 2013, a year after it filed its prior complaint. The present complaint is essentially identical to the complaint previously dismissed by this Court. Molex respectfully requests the Court to dismiss the claims that Bel Fuse failed to properly plead both then and now. In particular, Bel Fuse's complaint does not adequately plead indirect or willful infringement.

A complaint for induced and contributory infringement must plead facts supporting a plausible inference that a direct infringer exists and that the accused indirect infringer had the specific intent to encourage or cause the direct infringement. Further, for contributory infringement, a complaint must plead facts supporting a plausible inference that the accused products are especially made or especially adapted for use in an infringement of an asserted

1

patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use. Bel Fuse's complaint, which does not recite even the bare elements of induced and contributory infringement, fails to meet these requirements. Bel Fuse's claim of willful infringement and prayer for increased damages also lack legal support. Under the circumstances of this case, Bel Fuse's naked assertion that Molex's alleged infringement "is willful" based on "knowledge of one or more of the patents" cannot suffice as a matter of law.

## BEL FUSE'S COMPLAINT

Bel Fuse's complaint alleges direct, indirect, and willful infringement by Molex. The entire substance of Bel Fuse's infringement allegations is as follows:

> 15. Molex has been and is infringing, actively inducing others to infringe, and/or contributing to the infringement of the '117, '910 and '817 patents by, directly and/or through intermediaries, making, using, selling, offering for sale and/or importing products in the United States and this judicial district that are covered by one or more claims of the '117, '910 and '817 patents, including, but not limited to, Molex's Magnetic Modular Jacks.
>
> 16. As a direct and proximate result of Molex's acts of infringement, Bel Fuse has suffered damages and is entitled to recover an amount adequate to compensate for the infringement under 35 U.S.C. § 284, which amount is to be determined at trial.
>
> 17. Molex has been and is infringing the '117, '910 and '817 patents with knowledge of one or more of the patents and thus Molex's infringement has been, and continues to be, willful and, therefore, Bel Fuse is entitled to treble damages under 35 U.S.C. § 284.

(Dkt. 1 at ¶¶ 15-17.)

## LEGAL STANDARDS

A.   **Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6)**

Dismissal of a claim is appropriate under Rule 12(b)(6) when a plaintiff fails to satisfy the pleading requirements of Rule 8(a)(2), which provides that every pleading for a claim for

2

relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); FED. R. CIV. P. 12(b)(6). Whether a claim is sufficiently pleaded is analyzed under the *Twombly* and *Iqbal* standard articulated by the Supreme Court. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). A claim for direct infringement must only meet the minimal pleading standard set forth in Form 18. *Superior Indus., LLC v. Thor Global Enters. Ltd*, 700 F.3d 1287, 1295-96 (Fed. Cir. 2013). However, under the standard set forth in *Twombly* and *Iqbal*, claims for indirect infringement are required to meet a higher pleading threshold because they require additional elements such as the intent to infringe. *Id.*; *see also In re Bill of Lading Transmission and Processing Sys. Patent Litigation*, 681 F.3d 1323, 1336-37 (Fed. Cir. 2012).

There are two steps in determining whether a pleading is sufficient. *See Iqbal*, 129 S. Ct. at 1950. First, a court identifies the allegations that are not entitled to the presumption of truth, which includes any allegations that are "bare assertions," merely "formulaic recitation[s] of elements," or "conclusory." *Id.* at 1950-51. Second, a court examines the remaining "factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.* To demonstrate plausibility, a plaintiff must go beyond pleading facts that, when assumed to be true, are "merely consistent with a defendant's liability," and must instead plead facts sufficient to permit the "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 556). Put simply, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). Nor will a complaint suffice if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

3

Merely pleading the "bare elements of [a] cause of action" will result in the dismissal of the claim. *Id.* at 1954.

**B.     Pleading Indirect Infringement Under 35 U.S.C. § 271(b)**

A party is liable for induced infringement only if the party "actively induces infringement of a patent." 35 U.S.C. § 271(b). Induced infringement requires the following elements: "(1) there was direct infringement by the induced party; (2) the inducer had knowledge of the asserted patents; (3) the inducer 'possessed specific intent [and] not merely . . . knowledge of the acts alleged' to induce; and (4) there was active inducement of the direct infringer." *E.g.*, *Medtronic Vascular, Inc. v. Boston Scientific Corp.*, 348 F. Supp. 2d 316, 323 (D. Del. 2004) (citing *Ferguson Beauregard/Logic Controls v. Mega Sys.*, 350 F.3d 1327, 1342 (Fed. Cir. 2003)). The specific intent element cannot be met without "knowledge of the existence of the patent that is infringed." *Global-Tech Appliances, Inc. v. SEB, S.A.*, 131 S.Ct. 2060, 2068 (2011).

To satisfy the pleading requirements with respect to a claim for induced infringement, the complaint must allege facts that support a reasonable inference that the accused infringer "specifically intended to induce infringement . . . or that it knew it had induced acts that constitute infringement." *Superior Indus.*, 700 F.3d at 1296. Further, while an identification of a specific direct infringer is not required, factual evidence of a third-party direct infringer must be presented in the pleadings in order for a plaintiff to pursue indirect theories of infringement. *E.g.*, *Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*, 1:10cv910 LMB/TRJ, 2013 WL 265602, at *9, n. 7 (E.D. Va. Jan. 22, 2013); *see also Bill of Lading*, 681 F.3d at 1336.

**C.     Pleading Contributory Infringement Under 35 U.S.C. § 271(c)**

To state a claim for contributory infringement, a plaintiff must allege sufficient facts to raise the reasonable inference that the defendant sells or offers to sell a material or apparatus

4

(1) for use in practicing a patented process, (2) that is material to practicing the invention, (3) that has no substantial non-infringing uses, and (4) is known by the party "to be especially made or especially adapted for use in an infringement of such patent." *Fuzzysharp Techs. Inc. v. NVIDIA Corp.*, 12-cv-06375-JST, 2013 WL 2249707, at *2 (N.D. Cal. Apr. 18, 2013). Contributory infringement thus includes an intent element which requires the alleged contributory infringer to have sold a component "knowing the same to be especially made or especially adapted for use in an infringement of such a patent," and requires "knowledge of the existence of the patent that is infringed." *Global-Tech*, 131 S. Ct. at 2067-68.

Failure to adequately plead facts allowing an inference with respect to elements of contributory infringement is sufficient grounds for dismissal. *See, e.g.*, *Superior Indus.*, 700 F.3d at 1296 (dismissing claim for failure to allege that the accused products are "especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use"); *Bill of Lading*, 681 F.3d at 1337-39 (dismissing claim for failure to allege facts supporting an inference that the accused products have no substantial non-infringing uses); *Artemi Ltd. v. Safe-Strap Co., Inc.*, 03-3382(JEI/AMD), 2013 WL 2367874, at *6 (D.N.J. May 30, 2013) (dismissing claim for failure to plead facts concerning the accused component and concerning defendant's intent); *Pragmatus AV, LLC v. TangoMe, Inc.*, 11-1092-LPS, 2013 WL 571798, at *13-14 (D. Del. Feb. 13, 2013). The complaint also must plead facts plausibly showing direct infringement by a third party. *Radiation Stabilization Solutions, Inc. v. Varian Medical Sys., Inc.*, 11 C 7701, 2012 WL 3757489, at *3 (N.D. Ill. Aug. 28, 2012).

**D.     Pleading Willful Infringement**

To succeed on a claim for willful infringement, the patentee must show by clear and convincing evidence that "the infringer acted despite an objectively high likelihood that its

5

actions constituted infringement of a valid patent" and that this objectively-defined risk "was either known or . . . should have been known to the accused infringer." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).  In the pleadings, allegations of willful infringement must meet the standards set forth in *Twombly* and *Iqbal*.  *Celgene Corp. v. Teva Pharm. USA, Inc.*, 04-4030 (FLW), 2009 WL 81352, at *3 (D.N.J. Jan. 12, 2009).

However, there is a lack of uniformity with respect to how different district courts apply *Twombly* and *Iqbal* to willfulness: certain courts have evaluated the sufficiency of the pleadings based on whether the complaint alleges facts that give rise to a reasonable inference that the *Seagate* test is satisfied, while other courts have not considered the substantive elements of *Seagate* when evaluating the pleadings.  *Compare, e.g., Bascom Research LLC v. Facebook, Inc.*, C 12-6293 SI, 2013 WL 968210, at *4 (N.D. Cal. Mar. 12, 2013) (agreeing with Facebook that "Bascom's willful infringement claim is deficient because the complaint does not allege any facts that could give rise to an inference that Facebook knew or should have known it was acting despite an objectively high likelihood of infringement."); *Achates Reference Pub., Inc. v. Symantec Corp.*, 2:11-CV-294-JRG-RSP, 2013 WL 693955, at *3 (E.D. Tex. Jan. 10, 2013) (also considering *Seagate* criteria in finding patentee's willfulness pleading to be inadequate), *with Milwaukee Elec. Tool Corp. v. Hitachi Koki, Ltd.*, 09-C-948, 2011 WL 665439, at *3-4 (E.D. Wis. Feb. 14, 2011) (finding that considering *Seagate* is not appropriate at the pleading stage).

In any event, the Supreme Court emphasized in *Iqbal* that "[d]etermining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  129 S. Ct. at 1950.  Consistent with this guidance, prior decisions by this Court have

considered the specific factual context in determining whether a willfulness pleading is sufficient. *E.g., Celgene Corp.*, 2009 WL 81352, at *5 (considering the circumstances of defendant's ANDA filing in dismissing plaintiff's claim for willful infringement); *Novartis Pharm. Corp. v. Teva Pharm. USA, Inc.*, 05-CV-1887 (DMC), 2009 WL 483865, at *3 (D.N.J. Feb. 25, 2009) (allowing claim for willful infringement to stay in based on circumstances where it was possible for plaintiff to show that defendant acted in reckless disregard of an objectively high risk of infringement through discovery).

## ARGUMENT

### A.   The Complaint Fails to State a Claim of Induced Infringement

Bel Fuse's allegations pertaining to induced infringement are bare and conclusory – i.e., that Molex "has been and is . . . actively inducing others to infringe" and that Molex has "knowledge of one or more of the patents." (Compl. ¶¶ 15, 17.) Bel Fuse does not plead any facts supporting a reasonable inference that Molex has been and is acting with specific intent, nor does Bel Fuse plead any facts relating to the existence of a third party direct infringer or any acts of inducement. Accordingly, Bel Fuse's allegations are wholly inadequate to state a claim for induced infringement under 35 U.S.C. § 271(b).

To state a plausible claim for induced infringement, Bel Fuse must plead facts supporting a reasonable inference that Molex acted with the requisite specific intent. *Superior Indus.*, 700 F.3d at 1295-96. Bel Fuse's complaint "does not allege any facts to support a reasonable inference that [defendant] specifically intended to induce infringement . . . or that it knew it had induced acts that constitute infringement," and thus should be dismissed for failure to state a claim. *See id.* at 1296.

Pleading that a defendant has knowledge of the asserted patent is not enough to establish the requisite intent for inducing infringement. *See, e.g.*, *Grobler v. Sony Computer Entm't Am. LLC*, 5:12-CV-01526-LHK, 2013 WL 308937, at *2-3 (N.D. Cal. Jan. 25, 2013). Additional facts specifically supporting a reasonable inference of "intent to induce" a third party to infringe the patents-in-suit must be pleaded. *Id*.; *see also Superior Indus.*, 700 F.3d at 1295-96; *Pragmatus*, 2013 WL 571798, at *12. In *Grobler*, not only did the plaintiff plead that defendant Sony had knowledge of the asserted patent, it further pleaded that defendant "knew or should have known its activities in encouraging and assisting customers in the use of the Playstation Network system . . . would induce its customers' direct infringement." The court nonetheless found that plaintiff had "not alleged sufficient facts concerning Sony's intent to plausibly state a claim for induced infringement." 2013 WL 308937, at *3. Bel Fuse's complaint, which at best contains only a conclusory assertion of knowledge, is even more deficient than that in *Grobler*.

Further, Bel Fuse's allegation regarding Molex's knowledge of the patents-in-suit is deficient on its own. The complaint does not allege when or how it contends Molex became aware of the patents-in-suit. *See Bascom*, 2013 WL 968210, at *4 (finding that pleading knowledge of the asserted patents requires alleging facts establishing "when and how defendants became aware of the patents-in-suit"). And, the complaint merely alleges knowledge of "one or more" of the patents-in-suit and fails to identify which of the patents-in-suit that Molex allegedly has knowledge of. Such an allegation falls well short of "the line between possibility and plausibility of entitlement to relief," and is not even "merely consistent with a defendant's liability." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). Molex cannot be liable for indirect infringement before it became aware of any of the patents-in-suit. *Global-Tech*, 131 S. Ct. at 2067-68.

Bel Fuse's assertion that Molex "actively induc[es] others to infringe" is also devoid of any reference to an alleged third party direct infringer or any alleged acts of inducement performed by Molex. *Bill of Lading* does not set a high bar for pleading the existence of a direct third party infringer – a plaintiff need only plead facts sufficient to allow an inference that at least one direct infringer exists. 681 F.3d at 1336. However, Bel Fuse's complaint fails to meet even this minimal requirement. *See Artemi*, 2013 WL 2367874, at *5 ("Artemi pleads no facts concerning . . . whom it allegedly induced."); *Fuzzysharp*, 2013 WL 2249707, at *2 ("the allegations in the complaint do not raise the reasonable inference that anyone other than NVIDIA directly infringed the '679 patent"); *Radiation Stabilization*, 2012 WL 3757489, at *3 ("The Complaint contains no allegation of any third party who may have been aided or induced to infringe by any of the Defendants.").

Moreover, Bel Fuse has not pleaded any facts concerning any acts performed by Molex that constitute inducement. As a result of this omission, the complaint fails to place Molex "on notice of what they are alleged to have done, and with whom, in order to be indirectly infringing," and provides another basis for dismissing Bel Fuse's claim of induced infringement. *Radiation Stabilization*, 2012 WL 3757489, at *3; *see also Artemi*, 2013 WL 2367874, at *5 (dismissing claim where "Artemi pleads no facts concerning . . . what Safe-Strap allegedly did to induce infringement"); *Bascom*, 2013 WL 968210, at *5 (dismissing claim where "there are no allegations setting forth the similarities between the claims of the patents-in-suit and the defendants' products, nor are there any specific allegations about how defendants have advertised an infringing use or instructed customers or third parties regarding how to engage in an infringing use").

### B.  The Complaint Fails to State a Claim of Contributory Infringement

Bel Fuse's allegations pertaining to contributory infringement are likewise conclusory – i.e., that Molex "has been and is . . . actively contributing to the infringement" and that Molex has "knowledge of one or more of the patents." (Dkt. 1 at ¶¶ 15, 17.) These allegations do not rise even to the level of the "formulaic recitation of the elements" that was rejected in *Iqbal* and *Twombly*, much less a pleading of facts that would allow a reasonable inference that each element is met. *See Iqbal*, 129 S. Ct. at 1949. The complaint does not allege that the accused product constituted a material part of an invention, that the accused product was especially adapted to infringe the patents-in-suit, that the accused product has no substantial non-infringing uses, or that a third party direct infringer exists. Accordingly, Bel Fuse's allegations are inadequate to state a claim for contributory infringement under 35 U.S.C. §271(c).

To satisfy *Iqbal* and *Twombly*, facts concerning the accused component must be pleaded, as well as facts supporting the materiality of the accused component to the invention. *Brandywine Commc'ns. Techs. LLC v. Casio Computer Co. Ltd.*, 912 F. Supp. 2d 1338, 1349 (M.D. Fla. 2012). Bel Fuse's complaint does not identify the subject matter of the invention claimed in the patents-in-suit or provide any factual basis for why the accused product constitutes a material part of any invention.

Bel Fuse ignores the statutory requirement that the accused product or component be "a material part of the invention." The complaint does not allege, for example, that the accused product – "Molex's Magnetic Modular Jacks" – is a material part of any invention claimed in the patents-in-suit. There is a reason for this. Even Bel Fuse likely does not contend that the accused products are merely a "part" of a broader claimed invention. To the extent that Bel Fuse does so contend, it should plead these facts. The present pleading is inadequate regardless, and Bel Fuse's claim of contributory infringement should be dismissed.

10

Pleading a claim of contributory infringement must also include factual allegations supporting a reasonable inference that the alleged contributory infringer sold an accused component "knowing the same to be especially made or especially adapted for use in an infringement of such a patent." 35 U.S.C. § 271(c); *Fuzzysharp*, 2103 WL 2249707, at *2. Thus, Bel Fuse must provide factual allegations that establish: (1) the accused product is especially made or especially adapted for use in infringement of the patents-in-suit; and (2) Molex knew that the accused product is especially made or especially adapted for use in the infringement. *See, e.g.*, *Superior Indus.*, 700 F.3d at 1296 (dismissing claim where "Superior does not allege that the accused products are 'especially made or especially adapted for use in an infringement of such patent . . . ' as required by 35 U.S.C. § 271(c)."); *Artemi*, 2013 WL 2367874, at *6 (dismissing claim where Artemi failed to plead that Safe-Strap acted with the requisite intent to commit contributory infringement). Bel Fuse does not even allege that either of these two recited elements is met.

Further, it is necessary (but not sufficient) to plead facts supporting a reasonable inference that the alleged contributory infringer had "knowledge of the existence of the patent that is infringed." *Global-Tech*, 131 S. Ct. at 2067-68. For the same reasons as set forth above in the context of induced infringement, Bel Fuse's contributory infringement allegations with respect to Molex's knowledge of the patents-in-suit are deficient. It does not allege the manner in which Molex became aware of the patents-in-suit, and fails to identify which of the "one or more" patents-in-suit that Molex allegedly has knowledge of.

"To state a claim for contributory infringement, therefore, a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *Bill of Lading*, 681 F.3d at 1337. As with the other aspects of

pleading contributory infringement, Bel Fuse also disregards this pleading requirement. The complaint does not allege that the accused product has no substantial non-infringing uses, nor does the complaint provide any facts supporting a reasonable inference that the accused product has no substantial non-infringing uses. This deficiency provides yet another independent basis for dismissing Bel Fuse's claim of contributory infringement. *See, e.g., Superior Indus.*, 700 F.3d at 1296; *Bill of Lading*, 681 F.3d at 1337-39; *Artemi*, 2013 WL 2367874, at *6.

Claims of indirect infringement also require facts to be pleaded that allow a reasonable inference as to the existence of a direct infringer. *Bill of Lading*, 681 F.3d at 1336. As with induced infringement, a claim of contributory infringement that does not plead facts supporting a plausible inference that a direct infringer exists is legally inadequate. *Radiation Stabilization*, 2012 WL 3757489, at *3 ("RSS' complaint of indirect infringement fails as to the Hospital Defendants and as to Varian because RSS does not allege *any* third party direct infringer aided by *any* of the Defendants."). Bel Fuse's complaint, similar to the complaint in *Radiation Stabilization*, does not allege any third party direct infringer aided by Molex and thus fails to state a claim upon which relief may be granted.

C.     **The Complaint Fails to State a Claim of Willful Infringement**

This is not the first time that Bel Fuse has asserted its patents in this Court. It previously asserted the '910 patent against Halo Electronics, Inc. ("Halo") in a case that the parties in that action tried to a jury. *See Bel Fuse, Inc. v. Halo Electronics, Inc.*, Civil Action No. 07-cv-2168 (D.N.J.) (Brown, J.). The Court ultimately declared a mistrial due a deadlocked jury. *Id.* at Dkt. 240. Both parties sought post-trial relief pursuant to FED. R. CIV. P. 50, but settled their dispute prior to this Court's resolution of those motions. *Id.* at Dkt. 258. The Court thereafter dismissed Bel Fuse's action against Halo with prejudice on August 18, 2011. *Id.* at Dkt. 259. The Court can take judicial notice that Bel Fuse previously could not persuade a jury that its

patent should be upheld over Halo's invalidity challenge. The facts of this case thus do not allow for a conclusion that Molex acted despite an "objectively high likelihood that its actions constituted infringement of a valid patent." *Seagate*, 497 F.3d at 1371.

At a minimum, Bel Fuse must plead facts showing direct infringement and showing "the defendant's actual knowledge of the existence of the [patents-in-suit]." *Automated Transaction LLC v. New York Community Bank*, 2013 WL 992423, at *5 (E.D.N.Y. Mar. 13, 2013). The present complaint does not allege either the manner in which Molex became aware of the patents-in-suit or when and which of the "one or more" patents-in-suit of which Molex allegedly had knowledge. As such, the complaint fails to meet even the minimum requirements. *See Fuzzysharp*, 2013 WL 2249707, at *2 (dismissing claim for willful infringement where complaint did not identity patent that defendant allegedly had notice of); *Bascom*, 2013 WL 968210, at *4 (holding that pleading knowledge of a patent without specifying "when and how" such knowledge came about is insufficient).

Even if Bel Fuse were to have properly alleged knowledge of the patents-in-suit, such bare allegations would not be sufficient. *See, e.g.*, *Brandywine*, 912 F. Supp. 2d at 1353; *Select Retrieval, LLC v. Bulbs.com Inc.*, 12-10389-TSH, 2012 WL 6045942, at *6 (D. Mass. Dec. 4, 2012) (rejecting "barebone, conclusory allegations" of willfulness); *Aeritas, LLC v. Alaska Air Group, Inc.*, 893 F. Supp. 2d 680, 685 (D. Del. Sept. 28, 2013) (considering that "the burden to prove willful infringement includes more than mere knowledge of the patent" in dismissing plaintiff's claim for willfulness). In *Brandywine*, the district court found that plaintiff's pleading of post-filing knowledge and that defendant's actions were "objectively reckless and willful" was not enough. *Brandywine*, 912 F. Supp. 2d at 1353. The court required more – namely, "facts allowing a plausible inference that [defendant]'s behavior was reckless." *Id.*

13

The requirement of pleading more than mere knowledge of the patents-in-suit is particularly appropriate in the present case, where the factual context belies any naked assertion that Molex's alleged infringement was willful. *See Iqbal*, 129 S. Ct. at 1950 (evaluating sufficiency of the pleading is a "context-specific task"). Here, it is a matter of judicial record that at least one of the patents-in-suit are of questionable validity. *See Multimedia Patent Trust v. Apple Inc.*, 10-CV-2618-H, 2012 WL 6863471, at *16-17 (S.D. Cal. Nov. 9, 2012) (granting summary judgment of no willfulness based on prior jury verdicts of non-infringement with respect to third parties). Additionally, Molex had and has legitimate defenses based only on post-complaint knowledge of the patents-in-suit. *See Brandywine*, 912 F. Supp. 2d at 1351-54 (dismissing claim for willful infringement where patentee failed to allege knowledge of patents-in-suit prior to filing of original complaint).[1]

Under these circumstances, a bare allegation of willfulness premised upon knowledge of "one or more" patents-in-suit is clearly not enough. *See Brandywine*, 912 F. Supp. 2d at 1353; *Select Retrieval*, 2012 WL 6045942, at *6. Bel Fuse must plead additional facts supporting a reasonable inference that Molex's alleged infringement was willful despite the existence of substantial questions as to the validity of the patents-in-suit and despite Molex's good-faith belief that they were licensed. Bel Fuse has not done so, and its claim for willful infringement should be dismissed.

---

[1] In *Brandywine*, patentee filed an original complaint against Casio on September 29, 2011. 912 F. Supp. 2d at 1340. The case was severed, and the patentee filed a new complaint against Casio on February 21, 2012, in a separate action. *Id.* The court found that the critical date with respect to pre-suit knowledge was the date of the original complaint. *Id.* at 1346 ("Brandywine cannot avoid the pre-suit knowledge requirement by relying on either the Original Action or letters sent to Casio during the lawsuit, when the parties were already disputing Casio's alleged infringement.").

**D.      Plaintiffs' Prayer for Increased Damages Under 35 U.S.C. § 284 Should be Stricken**

A court may "strike from a pleading an insufficient defense or any redundant, immaterial impertinent, or scandalous matter." FED. R. CIV. P. 12(f). This rule grants the authority "to strike portions of a complaint in which a plaintiff requests relief to which she is not entitled as a matter of law." *Hyman v. WM Financial Servs., Inc.*, 07-CV-3497 (WJM), 2008 WL 1924879, at *2 (D.N.J. Apr. 29, 2008).

"An award of enhanced damages requires a showing of willful infringement." *Seagate*, 497 F.3d at 1368. Because Bel Fuse fails to allege a cognizable claim of willful infringement, Bel Fuse cannot obtain increased damages as a matter of law. Bel Fuse's prayer for increased damages pursuant to 35 U.S.C. § 284 thus constitutes matter that is irrelevant and immaterial to this lawsuit and should be stricken pursuant to Rule 12(f), Federal Rules of Civil Procedure.

## CONCLUSION

For the foregoing reasons, Molex respectfully requests that the Court dismiss Bel Fuse's claims of induced infringement, contributory infringement, and willful infringement for failure to state a claim upon which relief may be granted. Molex further requests that the Court strike Bel Fuse's prayer for increased damages under 35 U.S.C. § 284.

Dated: August 6, 2013

Respectfully submitted,

By: s/ David E. De Lorenzi
David E. De Lorenzi
Todd M. Nosher
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Telephone No.: (973) 596-4500
Facsimile No.: (973) 596-0545

*Of counsel:*
John W. Kozak
David M. Airan
Leonard Z. Hua
**LEYDIG, VOIT & MAYER**
Two Prudential Plaza
180 N. Stetson Avenue
Suite 4900
Chicago, IL 60601-6731
Telephone No.: 312-616-5600
Facsimile No.: 312-616-5700

*Attorneys for Defendant Molex Incorporated*