Martin G. Raskin (*pro hac vice to be filed*)
mraskin@cozen.com
Andrew P. Nemiroff
anemiroff@cozen.com
**COZEN O'CONNOR**
277 Park Avenue
New York, New York  10172
(212) 883-4900

Attorneys for Plaintiffs
Bel Fuse Inc., Bel Fuse Ltd., Bel Fuse (Macau Commercial Offshore) Ltd.,
Bel Connector Inc. and Bel Transformer Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BEL FUSE INC.,<br>BEL FUSE LTD.,<br>BEL FUSE (MACAU COMMERCIAL<br>OFFSHORE) LTD.,<br>BEL CONNECTOR INC. and<br>BEL TRANSFORMER INC.<br><br>Plaintiffs,<br><br>v.<br><br>MOLEX INCORPORATED,<br><br>Defendant. | Civil Action No. 1:13-cv-02566-JBS-JS<br><br>**JURY TRIAL DEMANDED**<br><br>(Filed Electronically) |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Bel Fuse Inc., Bel Fuse Ltd., Bel Fuse (Macau Commercial Offshore) Ltd., Bel

Connector Inc. and Bel Transformer Inc. (collectively, "Bel Fuse"), by and through their

undersigned counsel, for their First Amended Complaint for patent infringement against

defendant, Molex Incorporated ("Molex"), allege the following upon information and belief,

except as to those allegations concerning Bel Fuse, which are alleged upon knowledge.

- 2 -

**THE PARTIES**

1.      Plaintiff Bel Fuse Inc. is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business at 206 Van Vorst Street, Jersey City, New Jersey.

2.      Plaintiff Bel Fuse Ltd. is a corporation organized and existing under the laws of Hong Kong with its principal place of business at 8/F 8 Luk Hop Street, Kowloon, San Po Kong, Hong Kong.  Bel Fuse Ltd. is a subsidiary of Bel Fuse Inc.

3.      Plaintiff Bel Fuse (Macau Commercial Offshore) Ltd. is a corporation organized and existing under the laws of Macau with its principal place of business at Rua De Xangai No. 175, Edificio Da Associacao Commercial De Macau, 13 Andar H-K, Macau.  Bel Fuse (Macau Commercial Offshore) Ltd. is a subsidiary of Bel Fuse Inc.

4.      Plaintiff Bel Connector Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 11118 Susquehanna Trail South, Glen Rock, Pennsylvania.  Bel Connector Inc. is a subsidiary of Bel Fuse Inc.

5.      Plaintiff Bel Transformer Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 500 Bayview Ave., Inwood, New York.  Bel Transformer Inc. is a subsidiary of Bel Fuse Inc.

6.      Defendant Molex Incorporated is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 2222 Wellington Court, Lisle, Illinois.

**JURISDICTION AND VENUE**

7.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 100 et seq.  This Court has jurisdiction over the subject matter of the claim asserted herein pursuant to 28 U.S.C. §§ 1331 and 1338.

- 2 -

8.       This Court has personal jurisdiction over Molex because Molex is doing business within this State and judicial district, transacts business within this State and judicial district, has sold and is selling infringing products into this State and judicial district, derives substantial revenue from intra-state commerce and is otherwise within the jurisdiction of this Court.

9.       Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to the claims occurred in this district, Molex may be found in this judicial district, and Molex is subject to personal jurisdiction in this judicial district.  Venue is also proper in this judicial district under 28 U.S.C. § 1400(b).

## THE ASSERTED PATENTS

10.      On October 17, 2006, U.S. Patent No. 7,123,117 ("the '117 patent"), entitled "LAN Magnetic Interface Circuit," was duly and legally issued by the United States Patent and Trademark Office.  Plaintiff Bel Fuse Inc. is the owner by assignment of all rights, title, and interest in and to the '117 patent and possesses all rights of recovery under the '117 patent.  A true and correct copy of the '117 patent is attached hereto as Exhibit A.

11.      On April 7, 1998, U.S. Patent No. 5,736,910 ("the '910 patent"), entitled "Modular Jack Connector With A Flexible Laminate Capacitor Mounted On A Circuit Board," was duly and legally issued by the United States Patent and Trademark Office.  On December 22, 2009, the United States Patent and Trademark Office issued an Ex Parte Reexamination Certificate confirming the patentability of all claims of the '910 patent.  Plaintiffs Bel Fuse Inc., Bel Fuse Ltd., Bel Fuse (Macau Commercial Offshore) Ltd., Bel Connector Inc. and Bel Transformer Inc. are the owners by assignment of all rights, title, and interest in and to the '910 patent and possess all rights of recovery under the '910 patent.  A true and correct copy of the '910 patent, with the Ex Parte Reexamination Certificate, is attached hereto as Exhibit B.

LEGAL\17116347\2

12.     On January 11, 2005, U.S. Patent No. 6,840,817 ("the '817 patent"), entitled "EMI Suppression Technique For RJ Connectors With Integrated Magnetics," was duly and legally issued by the United States Patent and Trademark Office.  Plaintiff Bel Fuse Inc. is the owner by assignment of all rights, title, and interest in and to the '817 patent and possesses all rights of recovery under the '817 patent.  A true and correct copy of the '817 patent is attached hereto as Exhibit C.  The '117 patent, '910 patent and '817 patent are sometimes referred to individually and collectively shall be referred to as the "Asserted Patents."

## THE ACCUSED PRODUCTS

13.     The accused products are magnetic jacks.  At least the following magnetic jacks, which are manufactured, used, offered for sale, sold, and/or imported by Molex in or into the United States infringe one or more claims of each of the Asserted Patents:  jacks to which Molex refers in its publications as "Single Port Magnetic Jacks," "Multi port Magnetic Jacks," "Single Port PoE Magnetic Jacks," "Multi port PoE Magnetic Jacks" and "Surface Mount Technology" jacks (collectively referred to as "Molex's Magnetic Jacks" or "Magnetic Jacks").

## COUNT I
### (Patent Infringement)

14.     Bel Fuse restates and realleges the preceding paragraphs of this Complaint.

15.     This claim is for willful patent infringement and arises under the Patent Laws of the United States, 35 U.S.C. § 100 et. seq., including 35 U.S.C. § 271.

16.     Bel Fuse and Molex are engaged in the business of designing, marketing, manufacturing, selling and/or importing magnetic jacks.  Molex's Magnetic Jacks have been and are used in the consumer, data/communications, industrial, medical, networking, and telecommunications industries.

LEGAL\17116347\2

17.     Bel Fuse has been marking and continues to mark its magnetic jacks covered by one or more claims of the '910 patent in accordance with 35 U.S.C. § 287 since at least as early as April, 2009.  Bel Fuse has been marking and continues to mark its magnetic jacks covered by one or more claims of the '117 and '817 patents in accordance with 35 U.S.C. § 287 since at least as early as April, 2010.

18.     Molex's Magnetic Jacks are incorporated into end-products which, include, but are not limited to, ATM machines, security systems, LCD and TV panels, laptops, computers, point-of-sales terminals, printers, set top boxes, telephones, surge protectors, industrial networks, vending machines, routers, switches, hubs, and servers.

19.     Molex has been and is aware of the Asserted Patents at least by virtue of Bel Fuse's patent markings and/or because Molex was provided with a copy of a Complaint filed against it on April 11, 2012, which included claims of infringement of the Asserted Patents.  In addition,  Molex became aware of the '117 patent at least as early as January 2012, when employees of Bel Fuse communicated directly with Molex regarding that patent.

20.     Molex has been and is infringing, actively inducing others to infringe, and/or contributing to the infringement of one or more claims of each of the Asserted Patents by, directly and/or through intermediaries, making, using, selling, offering for sale and/or importing products, including, but not limited to, its Magnetic Jacks, in or into the United States and this judicial district, that are covered by one or more claims of each of the Asserted Patents.

21.     Molex has been and is knowingly inducing infringement of one or more claims of each of the Asserted Patents with specific intent to do so by, without limitation, making, using, importing, selling and/or offering for sale Molex's Magnetic Jacks for or to its customers, including, but not limited to, Cisco Systems, Inc., Hewlett Packard Company and/or their

LEGAL\17116347\2

contract manufacturers, whose end-products incorporate or constitute Molex's Magnetic Jacks. Such products have been and are used, offered for sale, sold, and/or imported in or into the United States with Molex's knowledge.  Moreover, Molex has been and continues to induce infringement by providing those customers and others with drawings, information, technical support and services relating to its Magnetic Jacks.  Further, Molex contributes to the infringement of one or more claims of each of the Asserted Patents because Molex knows that its Magnetic Jacks are made for use in infringement and are not staple articles of commerce suitable for substantial non-infringing use.

22.     As a direct and proximate result of Molex's acts of infringement, Bel Fuse has suffered damages and is entitled to recover an amount adequate to compensate for the infringement under 35 U.S.C. § 284, which amount is to be determined at trial.

23.     Molex has been and is infringing the Asserted Patents with knowledge of one or more of the Asserted Patents and thus Molex's infringement has been, and continues to be, willful and deliberate and, therefore, Bel Fuse is entitled to treble damages under 35 U.S.C. § 284.

24.     This is an exceptional case under 35 U.S.C. § 285 which entitles Bel Fuse to an award of reasonable attorneys' fees.

25.     Molex will continue infringing the Asserted Patents unless enjoined from further infringement by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Bel Fuse prays for judgment and relief as follows:

A.      A judgment that Molex has directly infringed, induced infringement, and/or contributed to the infringement and continues to directly infringe, induce infringement, and/or contribute to the infringement of one or more claims of each of the Asserted Patents;

B.      An order, pursuant to 35 U.S.C. § 283, permanently enjoining and restraining Molex and its officers, directors, principals, agents, servants, employees, successors and assigns, and all those in active concert or participation with each of the foregoing, from infringing, and from contributing to and/or inducing the infringement of, any claims of the Asserted Patents;

C.      An order, pursuant to 35 U.S.C. § 284, that Molex account to Bel Fuse for an amount adequate to compensate Bel Fuse for damages sustained from Molex's infringing acts, which amount is to be determined, and that said amount be trebled pursuant to 35 U.S.C. § 284;

D.      An order, pursuant to 35 U.S.C. § 285, that Molex pay Bel Fuse its reasonable attorneys' fees in connection with this action;

E.      A judgment that costs of this action be awarded to Bel Fuse;

F.      An order that Molex pay Bel Fuse prejudgment and post-judgment interest at the highest statutory rate on Bel Fuse's damages, costs and attorneys' fees; and

G.      An order awarding Bel Fuse such other and further relief as may be deemed by this Court to be just and proper.

## JURY DEMAND

Bel Fuse hereby demands trial by jury on all issues so triable.

- 8 -

Dated: August 20, 2013

Respectfully submitted,


By: s/ Andrew Nemiroff_____
    Martin G. Raskin (*pro hac vice to be filed*)
    mraskin@cozen.com
    Andrew P. Nemiroff
    anemiroff@cozen.com
    **COZEN O'CONNOR**
    277 Park Avenue
    New York, New York  10172
    (212) 883-4900

    Attorneys for Plaintiffs
    Bel Fuse Inc., Bel Fuse Ltd., Bel Fuse
    (Macau Commercial Offshore) Ltd.,
    Bel Connector Inc. and Bel Transformer Inc.

- 8 -