Martin G. Raskin (*pro hac vice to be filed*)
mraskin@cozen.com
Andrew P. Nemiroff
anemiroff@cozen.com
**COZEN O'CONNOR**
277 Park Avenue
New York, New York  10172
(212) 883-4900

Attorneys for Plaintiffs
Bel Fuse Inc., Bel Fuse Ltd., Bel Fuse (Macau Commercial Offshore) Ltd.,
Bel Connector Inc. and Bel Transformer Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BEL FUSE INC.,<br>BEL FUSE LTD.,<br>BEL FUSE (MACAU COMMERCIAL<br>OFFSHORE) LTD.,<br>BEL CONNECTOR INC. and<br>BEL TRANSFORMER INC.<br><br>Plaintiffs,<br><br>v.<br><br>MOLEX INCORPORATED,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:13-cv-02566-JBS-JS<br><br>*Document Electronically Filed* |

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiffs Bel Fuse Inc., Bel Fuse Ltd., Bel Fuse (Macau Commercial Offshore) Ltd., Bel Connector Inc. and Bel Transformer Inc. (collectively, "Bel Fuse"), by and through their undersigned counsel, respectfully file this brief in opposition to defendant, Molex Incorporated's ("Molex") second partial Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. of Civ. P. 12(b)(6).  (D.I. 15).

# **TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ............................................................................................................. 1

II.  STATEMENT OF FACTS ............................................................................................... 2

III.  LEGAL STANDARD....................................................................................................... 3

  A.  Pleading Direct Infringement Under 35 U.S.C. § 271(a) ...................................... 4

  B.  Pleading Indirect (Induced and Contributory) Infringement under
    35 U.S.C. § 271(b) and (c)..................................................................................... 5

IV.  ARGUMENT .................................................................................................................... 6

  A.  Bel Fuse Has Sufficiently Pled Direct Infringement ............................................ 6

  B.  Bel Fuse Has Sufficiently Pled Induced Infringement ......................................... 9

    i.  Infringement of the '817 Patent by the Single Port Jacks is Plausible ....................... 11

    ii.  Infringement of the '910 and '117 Patents by the SMT Jacks is Plausible ................. 14

  C.  Bel Fuse has Sufficiently Plead Contributory Infringement............................. 15

V.  CONCLUSION................................................................................................................ 18

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Aeritas, LLC v. Alaska Air Grp., Inc.*,
   893 F. Supp. 2d 680 (D. Del. 2012).........................................................................5, 17

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................................................ passim

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..........................................................4

*Bender v. Broadcom Corporation*,
   2009 U.S. Dist. LEXIS 101044 (N.D. Cal. Oct. 30, 2009)....................................14

*Conley v. Gibson*,
   355 U.S. 41 (1957)...........................................................................................................4

*CoreBrace LLC v. Star Seismic LLC*,
   566 F.3d 1069 (Fed. Cir. 2009).....................................................................................3

*Demodulation, Inc. v. Applied DNA Scis., Inc.*,
   2012 U.S. Dist. LEXIS 175917 (D.N.J. Dec. 12, 2012).......................................6, 7

*Erickson v. Pardus*,
   551 U.S. 89 (2007)...........................................................................................................6

*FTC v. Hope Now Modifications, LLC*,
   2011 U.S. Dist. LEXIS 24657 (D.N.J. Mar. 10, 2011)..........................................11

*Hedges v. United States*,
   404 F.3d 744 (3d Cir. 2005)...........................................................................................4

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012)............................................................................. passim

*Internet Media Corp. v. Hearst Newspapers, LLC*,
   CIV. 10-690-SLR 2011 WL 2559556 (D. Del. June 28, 2011)............................10

*Johnson v. Guhl*,
   91 F. Supp. 2d 754 (D.N.J. 2000) ................................................................................3

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*,
   714 F.3d 1277 (Fed. Cir. 2013)...........................................................................4, 5, 6

*Kost v. Kozakiewicz*,
   1 F.3d 176 (3d Cir. 1993) ...............................................................................................3

*McRae v. County of Essex*,
   2013 U.S. Dist. LEXIS 47983 (D.N.J. Apr. 2, 2013) ............................................12

*McZeal v. Sprint Nextel Corp.*,
   501 F.3d 1354 (Fed. Cir. 2007)..................................................................4, 6

*Melo-Sonics Corp. v. Cropp*,
   342 F.2d 856 (3d Cir. 1965).............................................................................3

*Panek v. Bogucz*,
   718 F. Supp. 1228 (D.N.J. 1989) ....................................................................3

*Pieczenik v. Abbott Labs.*,
   10-2230 JAP, 2011 WL 1045347 (D.N.J. Mar. 23, 2011).................................8

*Pieczenik v. Bayer Corp.*,
   474 F. App'x 766 (Fed. Cir. 2012) .................................................................8

*Prism Techs., LLC v. AT&T Mobility, LLC*,
   8:12-CV122, 2012 WL 3867971 (D. Neb. Sep. 6, 2012) ..............................7, 8

*T5 Labs (Del.) LLC v. Gaikai Inc.*,
   2013 U.S. Dist. LEXIS 49710 (D. Del. Apr. 5, 2013) ....................................5

*Tarkus Imaging, Inc. v. Adobe Sys., Inc.*,
   CIV. 10-63-LPS, 2011 WL 1557930 (D. Del. Apr. 21, 2011) .......................10

*Tech. Innovations v. Amazon.com, Inc.*,
   CIV. 11-690-SLR, 2012 WL 1441300 (D. Del. Apr. 25, 2012)......................10

*Versata Software, Inc. v. Callidus Software, Inc.*,
   2013 U.S. Dist. LEXIS 69470 (D. Del. May 15, 2013).................................17

*Vita-Mix Corp. v. Basic Holding, Inc.*,
   581 F.3d 1317 (Fed. Cir. 2009)......................................................................15

*Walker Digital, LLC v. Facebook, Inc.*,
   852 F. Supp. 2d 559 (D. Del. 2012)..................................................... passim

*Wisniewski v. Johns-Manville Corp.*,
   812 F.2d 81 (3d Cir. 1987)..............................................................................4

**STATUTES**

**35 U.S.C. § 271(a)**.........................................................................................4

**35 U.S.C. § 271(b) and (c)**...........................................................................5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6)..................................................................................................2, 3

Fed. R. Civ. P. 84.......................................................................................................4

Federal Rule of Civil Procedure 8(a)(2) .......................................................................4

## I.     INTRODUCTION

Molex contends that Bel Fuse's Amended Complaint should be dismissed because certain allegations of infringement as to certain patents in the Amended Complaint are "not plausible." To support this argument, Molex cites to the patents' specifications, claims and drawings, as well as Molex's own electrical data sheets and other technical literature (well beyond the four corners of the Amended Complaint) for the products at issue.  Molex then requests that this Court simply accept its self-serving statements regarding its products as true, forego fact and expert discovery, skip claim construction, and ignore all possible doctrine of equivalents arguments, so that its motion may be granted.  In the end, Molex argues (at the very beginning of a complex patent litigation) that infringement is "not plausible" simply because it says so.

As a threshold matter, whether certain Molex products do or do not actually and eventually infringe certain patents is entirely irrelevant at this stage in the litigation.  Molex's motion should be denied solely because Bel Fuse's Amended Complaint more than satisfies the Form 18 standard required for pleading direct infringement and the *Iqbal/Twombly* standard for pleading indirect infringement.  Neither standard permits a Court to dismiss well-pled allegations simply because the defendant argues in a motion to dismiss that its products do not infringe the patents-in-suit.  A motion to dismiss is not the appropriate vehicle for making non-infringement arguments (especially ones that are demonstrably false).  Instead, if Molex truly believes that certain of its products do not infringe certain patents, it can simply deny those allegations in its Answer and then—after discovery is complete and the Court issues a claim construction—bring a summary judgment motion.  Asking the Court to decide issues of infringement at this stage with only Molex's self-serving arguments as guidance is simply not appropriate or required under any pleading standard.

Nevertheless, even if this somehow is the appropriate time and place for this Court to decide issues of infringement (which, again, it is not), and Molex's self-serving statements are accepted as true (which, as explained below, they are false), Molex's claims still fail on their face. Based only on the scant record before it, Bel Fuse can easily illustrate "simple" infringement arguments that soundly defeat Molex's claims of "implausibility."

In short, Molex's attempt to dismiss a well-pled complaint fails for several reasons and its motion only serves to delay these proceedings. Bel Fuse respectfully requests that this Court deny Molex's motion and allow this case to proceed to discovery so that Bel Fuse's (and Molex's) claims can be adequately adjudicated at the appropriate time.

## II.    STATEMENT OF FACTS

Bel Fuse filed its initial Complaint alleging patent infringement on April 12, 2012, against Molex. The Complaint alleged infringement of three separate patents: U.S. Patent No. 5,736,910 (the "'910 patent"); U.S. Patent No. 6,840,817 (the "'817 patent"); and U.S. Patent No. 7,123,117 (the "'117 patent") (collectively, the "patents-in-suit"). Subsequent to filing the action, the parties engaged in settlement discussions, which ultimately broke down after several months of negotiation.

On April 22, 2013, Bel Fuse re-filed its initial Complaint. (D.I. 1). Service of the Complaint was effected on Molex on May 24, 2013. Approximately two and a half months later, on August 6, 2013, Molex filed its first partial Motion to Dismiss Bel Fuse's claims for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) ("Molex's First Partial Motion to Dismiss"). (D.I. 8). In Molex's First Partial Motion to Dismiss, Molex conceded that direct infringement was adequately pled, but took issue with Bel Fuse's allegations regarding indirect and willful infringement. As to those allegations, Molex argued, *inter alia*, that Bel Fuse's Complaint lacked certain specificity.

2

To avoid unnecessary motion practice and further delay to this case, Bel Fuse elected to provide Molex with the specificity it requested and amended its Complaint.  On August 20, 2013, Bel Fuse filed a First Amended Complaint ("Amended Complaint"), which was served on Molex on the same day.  (D.I. 11).  Rather than answer the Amended Complaint, Molex again filed a partial Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) ("Molex's Second Partial Motion to Dismiss").

With respect to direct and induced infringement, Molex changes course in its Second Partial Motion to Dismiss and does not argue lack of specificity.  Instead, as to those allegations, Molex now argues that Bel Fuse's infringement claims are "not plausible."  More specifically, Molex argues that its accused "Single Port Magnetic" and "Single Port PoE Magnetic" jacks (collectively, "Single Port Jacks") cannot infringe the '817 patent.  Molex also argues that some of its "Surface Mount Technology" jacks ("SMT Jacks") cannot infringe the '910 and '117 patents.  As to Bel Fuse's claims of contributory infringement, Molex argues, *inter alia*, that the allegations are inadequate.

For the reasons set forth below, Molex's claims are not tenable.

## III.   LEGAL STANDARD

Motions to dismiss are purely procedural, and thus the law of the regional circuit governs. *CoreBrace LLC v. Star Seismic LLC*, 566 F.3d 1069, 1072 (Fed. Cir. 2009).  The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case.  *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). Since the long-established federal policy of civil litigation is to decide cases on the proofs, district courts generally disfavor Rule 12(b)(6) motions.  *Johnson v. Guhl*, 91 F. Supp. 2d 754, 765 (D.N.J. 2000) (citing *Melo-Sonics Corp. v. Cropp*, 342 F.2d 856 (3d Cir. 1965); *Panek v. Bogucz*, 718 F. Supp. 1228, 1229 (D.N.J. 1989)).

3

In deciding a motion to dismiss for failure to state a claim, all allegations in the pleadings must be accepted as true and the plaintiff must be given the benefit of every favorable inference that can be drawn from those allegations. *See Conley v. Gibson*, 355 U.S. 41, 48 (1957), *abrogated by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 83 n.1 (3d Cir. 1987).

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also, Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ("*Iqbal*"). On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

### A.    Pleading Direct Infringement Under 35 U.S.C. § 271(a)

The Federal Circuit has repeatedly held that as long as a complaint meets the requirements of Fed. R. Civ. P. Appendix of Forms, Form 18 ("Form 18"), it sufficiently pleads direct infringement. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.,* 681 F.3d 1323, 1336 (Fed. Cir. 2012) ("As long as the complaint in question contains sufficient factual allegations to meet the requirements of Form 18, the complaint has sufficiently pled direct infringement."); *see also K-Tech Telecomms., Inc. v. Time Warner Cable, Inc*., 714 F.3d 1277, 1284 (Fed. Cir. 2013) (holding that Form 18 sets forth the applicable pleading standard for patent infringement cases); *McZeal v. Sprint Nextel Corp.,* 501 F.3d 1354, 1356-57 (Fed. Cir. 2007) (holding that a complaint need only mimic Form 18 in order to plead direct patent infringement adequately); Fed. R. Civ. P. 84, Advisory Committee Notes (practitioners can rely on the forms to withstand attacks under the Federal Rules of Civil Procedure). The Federal Circuit has further

4

held that in pleading direct infringement, a patentee does not have to "plead facts establishing that each element of an asserted claim is met" or even "identify which claims it asserts are being infringed." *In re Bill of Lading*, 681 F.3d at 1335.

Moreover, the Federal Circuit in *K-Tech Telecommunications, Inc.* recently held that with respect to direct infringement, any conflict between the Supreme Court's decisions in *Iqbal* and *Twombly*, on the one hand, and Form 18 on the other, should be resolved in favor of Form 18. 714 F.3d at 1283-1284.  This holding is also emphasized in *In re Bill of Lading*, where the court held that "to the extent . . . that Twombly and its progeny conflict with the Forms and create different pleading requirements, the Forms control."  681 F.3d at 1334; *see also T5 Labs (Del.) LLC v. Gaikai Inc.,* 2013 U.S. Dist. LEXIS 49710, at * 7 (D. Del. Apr. 5, 2013).

### B.    Pleading Indirect (Induced and Contributory) Infringement under 35 U.S.C. § 271(b) and (c)

With respect to indirect infringement, the Federal Circuit clarified that a Form 18-style pleading does not sufficiently state a claim.  *In re Bill of Lading*, 681 F.3d at 1336 ("Form 18 should be strictly construed as measuring only the sufficiency of allegations of direct infringement, and not indirect infringement."); *Aeritas, LLC v. Alaska Air Grp., Inc*., 893 F. Supp. 2d 680, 683 (D. Del. 2012) ("Form 18 should be strictly construed as measuring only the sufficiency of allegations of direct infringement, and not indirect infringement.").  Instead, such claims are governed by the "plausibility" standard set forth in *Twombly* and *Iqbal.  See In re Bill of Lading*, 681 F.3d at 1337 ("the general principles of *Twombly* and *Iqbal* must be applied to indirect infringement claims.") (internal citations and footnotes omitted).

The "plausibility standard" is met when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  Although the standard "asks for more than a sheer possibility that a defendant has acted unlawfully," it is "not akin to a

probability requirement." *Id.* (internal quotation marks omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) ("Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" (quoting *Twombly*, 550 U.S. at 555 (citation omitted); *Twombly*, 550 U.S. at 556 ("of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.") (internal quotations and citation omitted).  However, "[t]hreadbare recitals of the elements of a cause, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678.

## IV.    ARGUMENT

### A.    Bel Fuse Has Sufficiently Pled Direct Infringement

As to direct infringement, the Federal Circuit has repeatedly held that a plaintiff is only required to meet the Form 18 standard in alleging direct infringement.  *See K-Tech Telecomms., Inc.,* 714 F.3d 1277; *see also In re Bill of Lading,* 681 F.3d 1323; *see also McZeal,* 501 F.3d 1354.  Following Federal Circuit authority, this court has held that a complaint that complies with Form 18 properly states a claim for direct infringement.  *Demodulation, Inc. v. Applied DNA Scis., Inc.*, 2012 U.S. Dist. LEXIS 175917 (D.N.J. Dec. 12, 2012).  Thus, as per Form 18, in order to state a claim for direct infringement, the complaint need only contain:

> (1) an allegation of jurisdiction; (2) a statement that plaintiff owns the patent; (3) a statement that defendant has been infringing the patent by "making, selling, and using [the device] embodying the patent;" (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

*Id* at *34 (quoting *McZeal*, 501 F.3d at 1357).

Bel Fuse's Amended Complaint unquestionably contains each of these requirements. (*See* D.I. 11 at ¶¶ 7, 8, 10-13, 19-22, 25; prayer for relief ¶¶ B and C).  The Amended Complaint contains (1) an allegation of subject matter and personal jurisdiction (*id.* at ¶¶ 7, 8); (2) a

statement that the plaintiffs own the patents (*id.* at ¶¶ 10, 11 and 12); (3) a statement that Molex has been infringing the patent by "making, using, selling, offering for sale and/or importing" specific products (*id.* at ¶¶ 13, 20 and 21);  (4) a statement that Bel Fuse has given Molex notice of its infringement (*id.* at ¶ 19); and (5) a demand for an injunction and damages (*id.* at ¶¶ 22, 25 and prayer for relief  ¶¶ B. and C.).  Listed above is all that is required to state a claim for direct infringement under the Form 18 standard established by the Federal Circuit.  *See In re Bill of Lading,* 681 F.3d 1323.  Accordingly, Bel Fuse has satisfied that standard and its allegations with respect to direct infringement are adequate.

In its Motion to Dismiss, however, Molex attempts to contravene Federal Circuit precedent by suggesting that the Form 18 standard is not enough to allege direct infringement. Molex seems to argue that pleading direct infringement should be held to a higher or different standard.  To support its claim, Molex cites to three unpublished and largely irrelevant District Court cases. However, none of those cases contradict Federal Circuit authority and state that a party is held to a higher standard than what is required under Form 18, especially a standard that would require a non-infringement analysis by the Court (*see* IV.B., *infra* for a further discussion on this point).

Molex first cites to *Prism Techs., LLC v. AT&T Mobility, LLC.*  8:12-CV122, 2012 WL 3867971 (D. Neb. Sep. 6, 2012).  There, the Court held that certain allegations in the complaint were inadequately pled and ordered the plaintiff to file an amended complaint correcting those allegations.  *Id.* at *6.  However, the Court's determination was solely based on the "the Form 18 standard."  *Id.* at *5.  The plaintiff failed to meet that standard (which requires a statement of infringement) as it did not specifically identify the products accused of infringement.  Instead, plaintiff merely identified generic categories of products such as "wireless products" and "data services" which, according to the Court, "encompasses essentially [the Defendant's] entire

business." *Id.* at *5.  Here, just the opposite is true. Bel Fuse specifically identifies the products accused of infringement by name.  (*See* D.I. 11 at ¶ 13).

The next two cases that Molex cites are similarly unavailing.  In *Air Vent, Inc. v. Owens Corning Corp.*, the Court dismissed the complaint for failing to comply with "Form 18" since the plaintiff made absolutely no allegations in the Complaint that the defendant itself is "directly infringing the [patent-in-suit] by making, using, offering to sell, or selling a device that embodies the [patent-in-suit]."  02:10-CV-01699, 2011 WL 2601043, at *3 (W.D. Pa. June 30, 2011).  This is vastly different than Bel Fuse's Amended Complaint which explicitly alleges that Molex "has been and is infringing … by, directly and/or through intermediaries, making, using, selling offering for sale and/or importing" the accused products. (D.I. 11 at ¶ 20).  Similarly, in *Pieczenik v. Abbott Labs.*, the last unpublished case cited by Molex on this point, the Court dismissed the Complaint because, *inter alia*, the Plaintiff did not make any allegations accusing the defendant of "mak[ing], us[ing] or sell[ing] any patented invention."  10-2230 JAP, 2011 WL 1045347, at *6 (D.N.J. Mar. 23, 2011), *aff'd sub nom. Pieczenik v. Bayer Corp.*, 474 F. App'x 766 (Fed. Cir. 2012).  Instead, the plaintiff alleged that the defendants "made purchases" of the accused products.  *Id.* at 7.  Again, in this case, Bel Fuse's infringement claims against Molex are clear and explicit.  (D.I. 11 at ¶ 20).

Accordingly and contrary to Molex's interpretation, the cases it cites do not stand for the proposition (or even suggest) that the standard for pleading direct infringement is greater than what is required under Form 18.[1]  In any event, as detailed above, Bel Fuse complies with Form

---

[1]The bases for Molex's arguments regarding Bel Fuse's allegations of direct and induced infringement are identical, in that it argues neither one satisfies a heightened pleading standard for the exact same reasons of alleged "implausibility." To avoid redundancy and because Bel Fuse believes that direct infringement should not be held to a heightened pleading standard (and neither does the Federal Circuit), Bel Fuse substantively addresses Molex's arguments on "implausibility" only in the induced infringement section below. Nevertheless, to the extent the Court believes that pleading direct infringement is subject to a heightened standard, the arguments made below with respect to plausibility (see IV.B.) apply equally to rebut Molex's

8

18. Indeed, Bel Fuse goes well beyond the requirements of Form 18 (and Federal Circuit case law) by including many additional facts in its Amended Complaint. Bel Fuse's Amended Complaint specifies the exact names of the Molex products lines accused of infringement, describes the industries where the accused products are used, lists the types of end-products which incorporate the accused products, identifies by name the third party direct infringers and otherwise provides Molex with a multitude of facts to support Bel Fuse's infringement allegations (all of which are unnecessary under the case law).

As Bel Fuse unquestionably complies with the Form 18 standard, Molex's claims in its Motion to Dismiss as to direct infringement should be denied.

### B. Bel Fuse Has Sufficiently Pled Induced Infringement

Unlike direct infringement, complying with Form 18 is not enough to prove sufficiency of allegations with respect to induced infringement. For allegations directed to induced infringement, the court must consider the "plausibility" standard set forth in *Iqbal* and *Twombly*. *In re Bill of Lading.,* 681 F.3d at 1133, 1136-37. However, despite Molex's arguments to the contrary, the "implausibility" standard of *Iqbal* and *Twombly* is not synonymous with the "non-infringement" standard. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

Here, Molex does not argue that Bel Fuse's allegations are "threadbare" or do not include certain facts required to plead inducement. Instead, Molex argues that Bel Fuse's allegations directed to inducement should be dismissed solely because "certain of the accused products cannot infringe one or more of the asserted patents" and therefore the "[a]mended complaint fails

---

arguments regarding direct infringement and can be wholly incorporated as part of Bel Fuse's arguments related thereto.

to state a plausible claim that Molex intended to induce others to infringe."  (Molex Br. at p. 12)[2] (emphasis added).

To determine whether Molex's contention is accurate, the Court will first need to construe the claims of the asserted patents and then compare the claims to the accused products. *See Deston Therapeutics*, 723 F. Supp. 2d 665, 670 ("To resolve an allegation of patent infringement, [t]he court must first interpret the claim and determine the scope and the meaning of the asserted patent claims, and then compare the properly construed claims to the allegedly infringing device.").  As Courts in this circuit have repeatedly stated, such an infringement analysis is <u>entirely improper</u> at this stage in the litigation.  *Internet Media Corp. v. Hearst Newspapers, LLC,* CIV. 10-690-SLR 2011 WL 2559556, at *3 (D. Del. June 28, 2011) ("[D]efendant's motion would require the court to construe said claims, an action that is not appropriate in connection with a motion to dismiss."); *see also Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 563 (D. Del. 2012) ("The court is not prepared to engage in a claim construction exercise at this stage of the proceedings, with no context whatsoever provided by discovery or motion practice."); *Deston Therapeutics*, 723 F. Supp. 2d at 670 ("The Court agrees with Plaintiffs that claim construction is premature and will decline to dismiss the patent infringement claim at this stage.").

In addition, despite Molex's arguments to the contrary, the purpose of the "plausibility" standard set forth in *Twombly* and *Iqbal* is not for a Court to make infringement determinations in the context of a motion to dismiss.  Indeed, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556*;  see also, Tech. Innovations v. Amazon.com, Inc.*, CIV. 11-690-SLR, 2012 WL 1441300, at *2 (D. Del. Apr. 25, 2012) (denying motion to

---

[2]"Molex Br. at __" refers to Defendant Molex, Inc.'s Motion to Dismiss Plaintiffs' Amended Complaint (D.I. 15).

dismiss where defendant argued that patent-in-suit could not cover Amazon's Kindle); *Tarkus Imaging, Inc. v. Adobe Sys., Inc*., CIV. 10-63-LPS, 2011 WL 1557930, at *3 (D. Del. Apr. 21, 2011) (denying motion to dismiss because infringement was at least plausible accepting the allegations in the complaint as true); *Walker Digital LLC v. Facebook, Inc*., 852 F.Supp. 2d at 562-66 (D. Del. 2012) (denying motion to dismiss where defendant argued that the patent-in-suit "plainly" was not infringed where complaint was legally sufficient on its face).  Instead, the intent of the "plausibility" standard is to avoid "threadbare complaints," including "[t]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements."  *Iqbal*, 556 U.S. at 663.  *See also Twombly,* 550 U.S. at 556; *FTC v. Hope Now Modifications, LLC*, 2011 U.S. Dist. LEXIS 24657 (D.N.J. Mar. 10, 2011).  As noted above, Molex does not argue that the Amended Complaint is "threadbare," which is the only issue that could be relevant to an "implausibility" argument.

Nevertheless, even if the court agrees with Molex that the "plausibility" standard requires a "non-infringement" analysis and decides to engage in claim construction at this stage, Molex's "plausibility" claims still fail.  In fact, as demonstrated below, not only are Bel Fuse's claims of infringement "plausible" as to the Molex products, they are "likely."

### i.      Infringement of the '817 Patent by the Single Port Jacks is Plausible

In its motion, Molex makes two "implausibility" arguments. First, it claims that its Single Port Jacks could not possibly infringe the '817 patent.  To support this contention, Molex boldly states that each claim of the '817 patent "requires," among other things, "a multi-port connector arrangement."  (Molex Br. at 10).  Even assuming Molex may unilaterally determine the metes and bounds of claim language (as opposed to this Court as required under *Markman*), its contention is still demonstrably false.  Nowhere in the claims of the '817 does it require (or even mention) "a multi-port connector."  Instead, the claims are all directed to a "housing having at

11

least two aligned compartments."  In fact, Figures 1a, 1b, and 1c of the patent drawings (which were curiously omitted from Molex's brief) all show a "single RJ connector" which, according to the specification, is "in accordance with certain aspects of this invention."  ('817 Patent at Col. 3 ll. 38-42).

Nevertheless, regardless of whether this Court ultimately determines that the claims of the '817 patent cover a "multi-port connector," a "housing having at least two aligned compartments" or something in between, nowhere in its motion does Molex actually state that *its* Single Port Jacks do not include any of these arrangements.[3]  In other words, while Molex unilaterally and conclusively states that the '817 patent "requires" "a multi-port connector arrangement," Molex never takes the next step and says *its* Single Port Jacks do not (or could not) have such an arrangement (or any arrangement for that matter).  Instead, their motion simply glosses over this crucial fact and simply declares that "Molex's single port connectors do not directly infringe the '817 patent," requiring the reader to draw (likely false) conclusions based solely on the words in the name of the product line.

The fact that Molex never claims that its Single Port Jacks do not or could not contain, or are not or could not be used in, a "multi-port connector arrangement" or a "housing having at least two aligned compartments" is not surprising.  Molex's *own* product literature[4] attached to

_____

[3]In its statement of facts, Molex makes a general statement that "Single port jacks have one location for receiving a plug" but, tellingly, never states that this is the case for all or any of Molex's "Single Port Magnetic Jacks" or  Molex's "Single Port PoE Magnetic Jacks."

[4]As a threshold matter, the referenced document is well beyond the "four corners" of the complaint and should not be considered in deciding a motion to dismiss.  *See McRae v. County of Essex*, 2013 U.S. Dist. LEXIS 47983, 4-5 (D.N.J. Apr. 2, 2013).  This document is not attached to Bel Fuse's Amended Complaint and Bel Fuse does not explicitly refer to or base its claims on this document.  *See id.*  Molex's argument that the document can be considered because Bel Fuse relies on Molex "publications" in its Amended Complaint is both absurd and plainly false. To help identify the accused products in the Amended Complaint, Bel Fuse makes general reference to Molex "publications" but does not rely on any one in particular.  (See D.I. 11 at ¶ 13).  Simply because Bel Fuse uses the word "publications" in its Amended Complaint

*its* Motion to Dismiss clearly shows that any such statements would be false.  In Exhibit 1 to its

Motion to Dismiss, Molex attaches a chart which shows several of its "Modular Jacks."  Under

the group of modular jacks identified as including only a <u>single</u> port, Molex identifies what could

only be described as a "<u>multi-port</u> connector:"[5]



Notwithstanding the above, even if this Court accepts as fact that all of the likely

hundreds (or possibly thousands) of products in Molex's product lines labeled "Single Port

Magnetic Jacks" and "Single Port PoE Magnetic Jacks" all only contain one compartment or one

port (facts not conceded by Bel Fuse and directly contradicted by Molex's *own* literature,  *see*

*supra*), these products still could infringe under possible doctrine of equivalents arguments or

even literally.  By combining in an end-product *two* of their alleged "single" compartment jacks,

which is something that is commonly done, Molex may infringe claims in a patent directed to

"two aligned compartments."  Put simply, two "single" compartment jacks positioned next to

each other in an end-product is the equivalent of one "multi" compartment jack.  Molex cannot

dispute that its customers can buy two so-called "Single Port" jacks (instead of one multi-port

jack), include them in one product, and thereby possibly infringe the '817 patent, even under its

_____

does not entitle Molex to then rely on any Molex document it so chooses because it also happens
to be a "publication" (which, of course, would encompass literally every Molex document).

[5]Even if Molex contends that the inclusion of a multi-port connector in a single port category, or
the failure to state in its motion that its Single Port Jacks do not or could not contain multi-port
arrangements were oversights or simple mistakes, it will only serve to highlight why fact
discovery (and, of course, claim construction) is so vital before allegations may be stricken. *See
e.g.*, *Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 563 (D. Del. 2012).  Bel Fuse
(and this Court) should not be required to accept self-serving statements about an entire product
line made by Molex in a Motion to Dismiss as fact. This is especially true here where Molex's
own product literature would tell a different story.

construction of the claims of that patent.  Accordingly, Bel Fuse's claims of infringement as to the Single Port Jacks are clearly plausible.

>    **ii.    Infringement of the '910 and '117 Patents by the SMT Jacks is Plausible**

Molex's second "implausibility" argument is that Bel Fuse's claims of infringement with respect to Molex's "SMT Jacks" are "overly broad" and therefore "implausible."  (Molex Br. at 11).  To support this argument, Molex first contends that the '910 and '117 patents "require" "circuit components."  (*Id.* at 13).  It then goes on to state that "SMT Jacks" "refers to an exceedingly broad category of products" which includes "connectors that [] have no circuit components whatsoever."  (*Id.* at 6 and 11).  Molex cites to a technical drawing[6] for one such connector in this product line and states unilaterally that it has "no circuit components."  (*Id.* at 11).  Accordingly, Molex concludes that "Bel Fuse could not possibly succeed on a claim that all SMT jacks infringe one or both of these patents."  (*Id.*).

Even accepting Molex's claim construction arguments that the '910 and '117 require "circuit components" and that its "SMT Jacks" include some connectors that have "no circuit components" as true, this is not a basis to dismiss Bel Fuse's well-pled allegations regarding that product line.  Simply because it happens (according to Molex) that there may be *some* products in a large product line that do not infringe an asserted patent does not provide a basis to dismiss an infringement allegation as to that entire product line.  Indeed, despite Molex's absurd argument to the contrary, there is no requirement that Bel Fuse succeed in proving that "<u>all</u>" products in a large product line infringe (now or ever) to include such allegations as to that product line in a complaint.  *See Bender v. Broadcom Corporation*, 2009 U.S. Dist. LEXIS 101044, at *12 (N.D. Cal. Oct. 30, 2009).  ("Although it remains to be proved whether any

---

[6]Similar to the other documents attached by Molex to its Second Partial Motion to Dismiss, the referenced technical document is well-beyond the "four corners" of the complaint and should not be considered in deciding this motion.  *See* Fn. 4, *supra*.

product infringes, there is nothing inherently implausible about an allegation that a large number of a defendant's various product lines infringe the patent when those product lines may be expected to have certain basic components…").  Simply because some (or possibly most) of the SMT Jacks may infringe (a fact not disputed by Molex), Bel Fuse should be allowed to include an allegation as to those products.

Moreover, the alleged fact that Molex includes a large amount of connectors in one of its product lines does not automatically make any allegations as to that product line "overly broad." Otherwise, Molex could simply decide in the future to include all of its connectors under one product line thereby making that product line immune to allegations of infringement since they would always be "overly broad" according to Molex.  The fact is, Molex chose to create a product line called "SMT Jacks" which includes connectors that Bel Fuse believes infringe certain of its patents.  The actual size of that product line is irrelevant for purposes of pleading.

The above facts demonstrate that infringement of the asserted patents (again, an inappropriate analysis at this stage) with respect to the Single Port Jacks and SMT Jacks are not just "plausible" (which by itself is enough to defeat Molex's "implausibility" argument) but "likely."  Accordingly, Molex's motion should be denied on this basis.

### C.    Bel Fuse has Sufficiently Pled Contributory Infringement

To plead contributory infringement, a complaint must "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses," which may be any use that is "not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental."  *In re Bill of Lading.,* 681 F.3d at 1337 (quoting *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1327 (Fed. Cir. 2009).

In *Walker Digital, LLC v. Facebook, Inc.*, the Court held that a complaint satisfies the elements of contributory infringement where it alleges that the Defendant:

> (1) had knowledge of the patent; (2) sold products especially made
> for infringing use; (3) had knowledge of the infringing use; (4)
> sold products with no substantial noninfringing use; and (5)
> directly infringed.

852 F. Supp. 2d at 566 (holding that a complaint which alleged the above five factors was

"facially plausible and provide[s] [defendant] with adequate notice of its indirect infringement

claims.").

In its Amended Complaint, Bel Fuse more than satisfies this standard.  Bel Fuse alleges

in the Amended Complaint that: (1) Molex had knowledge of the patent (*See* D.I. 11 at ¶¶ 19 and

21); (2) sold the accused products which were "made for use in infringement" (*id.* at ¶ 21); (3)

had knowledge of the infringing use (*id.* at ¶ 21); (4) sold products that "are not staple articles of

commerce suitable for substantial non-infringing use" (*id.* at ¶ 21); and (5) directly infringed (*id.*

at ¶ 20).

Accordingly, Bel Fuse has satisfied the standard for pleading contributory infringement.

*See Walker Digital, LLC*, 852 F. Supp. 2d at 566*; see also Versata Software, Inc. v. Callidus

Software, Inc.*, 2013 U.S. Dist. LEXIS 69470, at *12-15 (D. Del. May 15, 2013) (finding an

allegation that a defendant infringes and has knowledge that its products lack substantial non-

infringing uses as sufficient for setting forth a plausible claim for contributory infringement

under the pleading requirements); *Aeritas, LLC* 2012 WL 4470386, at *2 (finding an

identification of an allegedly infringing product, in conjunction with allegations of each element

of contributory infringement using that product, is sufficient to satisfy *Twombly* and *Iqbal*).

Molex takes issue with Bel Fuse's allegations with respect to contributory infringement

for several reasons.  First, Molex argues that Bel Fuse does not allege that the accused products

are a material part of the invention because, according to Molex, "[e]ven Bel Fuse likely does not

contend that the accused products are merely 'part' of a broader claimed invention."  (Molex Br.

at 13).  This is false.  As part of its non-infringement contentions, Molex may eventually argue

that, in order to meet the limitations of certain claims of the patents-in-suit, the accused products must be incorporated into an end-product.  By way of example, Claim 9 of the '817 patent requires "the modular connector [] wherein the conductive element forms a capacitor between the one signal pin and a ground."  Although Bel Fuse would strongly disagree, Molex may argue that there can be no "ground" until its modular connectors are incorporated in an end-product.  Accordingly, this would be a situation where the accused products are a material part of the invention and a clear case of contributory infringement.  This is one reason why Bel Fuse identifies the type of end-products that the accused products are incorporated into within the Amended Complaint.  (*See* D.I. 11 at ¶ 18) ("Molex's Magnetic Jacks are incorporated into end-products which, include, but are not limited to, ATM machines, security systems, LCD and TV panels, laptops, computers, point-of-sales terminals, printers, set top boxes, telephones, surge protectors, industrial networks, vending machines, routers, switches, hubs, and servers").

Molex also contends that Bel Fuse does not identify a third party direct infringer with respect to Bel Fuse's allegations of contributory infringement.  Although such an identification is not required under the case law, Molex's claims here are also false.  In Paragraph 21 of the Amended Complaint, Bel Fuse specifically identifies certain entities as third-party direct infringers.  While true that Bel Fuse identifies these entities in a sentence related to induced infringement, Bel Fuse goes on to state, two sentences later in the exact same paragraph, that "[f]urther, Molex <u>contributes</u> to <u>the infringement</u> of one or more claims of each of the Asserted Patents…." (emphasis added).  Clearly, "the infringement" is referring to the infringement by at least those third-party entities mentioned two sentences earlier in the exact same paragraph.

Finally, relying on its arguments related to direct and induced infringement, Molex contends that Bel Fuse's claims regarding contributory infringement should be dismissed

because they are "implausible."  For the same reasons set forth at length above in Section IV.B, this argument is meritless.

Accordingly, Bel Fuse has sufficiently pled contributory infringement and Molex's Motion to Dismiss should be denied on this basis.

## V.    CONCLUSION

For the reasons set forth above, Molex's Second Partial Motion to Dismiss should be denied.

Dated:  October 7, 2013               By:     s/ Andrew P. Nemiroff
                                               Martin G. Raskin (*pro hac vice to be filed*)
                                               mraskin@cozen.com
                                               Andrew P. Nemiroff
                                               anemiroff@cozen.com
                                               **COZEN O'CONNOR**
                                               277 Park Avenue
                                               New York, NY  10172
                                               (212) 883-4900

                                               Attorneys for Plaintiffs  Bel Fuse Inc.,
                                               Bel Fuse Ltd., Bel Fuse (Macau Commercial
                                               Offshore) Ltd., Bel Connector Inc. and
                                               Bel Transformer Inc.

### CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2013, I caused to be served a true and accurate copy of PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS on all counsel of record by ECF.

By:     s/ Andrew P. Nemiroff
        Andrew P. Nemiroff

LEGAL\17273510\8