```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| BEL FUSE INC., ET AL.,<br><br>          Plaintiffs,<br><br>     v.<br><br>MOLEX INCORPORATED,<br><br>          Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>     Civil Action<br>No. 13-2566 (JBS/JS)<br><br>**OPINION** |

APPEARANCES:

Andrew P. Nemiroff, Esq.
David Benjamin Sunshine, Esq.
COZEN O'CONNOR
277 Park Avenue
New York, NY 10172
     Attorneys for Plaintiffs Bel Fuse Inc., Bel Fuse LTD., Bel
     Fuse (Macau Commercial Offshore) LTD., Bel Connector Inc.,
     and Bel Transformer Inc.

David E. De Lorenzi, Esq.
Charles H. Chevalier, Esq.
GIBBONS PC
One Gateway Center
Newark, NJ 07102
     Attorneys for Defendant Molex Incorporated

**SIMANDLE, Chief Judge:**

**I.   INTRODUCTION**

     This matter comes before the Court upon Defendant's motion to dismiss claims of patent infringement in Plaintiffs' Amended Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). [Docket Item 15.]

Defendant argues that Plaintiffs' allegations are so overbroad they do not state a plausible claim of direct or induced infringement as needed to satisfy minimal pleading standards. Defendant also argues that Plaintiffs fail to plead the required elements to state a claim for contributory infringement.

For the reasons discussed below, the Court will deny Defendant's motion to dismiss.

**II.   BACKGROUND**

**A. Factual Background**

Plaintiffs' Amended Complaint alleges that magnetic jacks manufactured, used, offered for sale, sold or imported by Defendant infringe three separate patents owned by Plaintiffs: U.S. Patent No. 7,123,117 (the "'117 patent"); U.S. Patent No. 5,736,910 (the "'910 patent"); and U.S. Patent No. 6,840,817 (the "'817 patent") (collectively, the "patents-in-suit"). (Am. Compl. [Docket Item 11] ¶¶ 10-13.) The three patents-in-suit involve connectors that link computers to other computers or networks, and each patent is directed to a different connector technology.

Patent '117 includes 13 claims and the first claim is

[a] magnetic interface circuit which comprises:
a transformer having a first winding connected to a first circuit and second winding connected to a second circuit each of the first and second windings having two output

>ports and at least one of the windings having a center tap port; and
>a 3-wire common mode choke having a center winding and two outer windings, the center winding being connected to the center tap of the at least one winding and the outer windings being respectively connected to the output ports of the, at least one winding.

(Am. Compl. Ex. A at col. 7, 29-40.)

Patent '910 includes 22 claims and describes "[a] modular jack connector mounted on a main printed circuit board and having a receptacle into which a modular plug of an electronic component is inserted." (Am. Compl. Ex. B at 1.) The first claim is

>[a] modular connector for mounting on a main printed circuit board and for receiving a plug, comprising
>a housing,
>a first set of contacts, arranged in said housing each adapted to engage one of the contacts of the plug,
>a second set of contacts at least partially arranged in said housing and adapted to engage the main printed circuit board,
>a contact coupling printed circuit board for electrically coupling said first and second set of contacts, said contact coupling printed circuit board providing a signal path between respective ones of the first and second sets of contacts,
>a capacitor comprising a flexible laminate assembly including first and second flexible conductive sheet members and an intermediate insulative material, said first conductive sheet member being electrically coupled to said contact coupling printed circuit board, and
>a metallic shield at least partially surrounding said housing for connecting to a grounding region on the main printed circuit board, said second conductive sheet member being electrically coupled to said metallic shield to thereby ground said first set of contacts through said capacitor.

(Id. at col. 8, 23-48.)

3

Patent '817 includes 13 claims and describes "[a]n RJ connector with integrated magnetics which incorporates a structure to eliminate aperture leakage." (Am. Compl. Ex. C at 1.) The first claim is

> [a] modular connector, which comprises:
> a housing having at least two aligned compartments, a top portion and a bottom portion, each compartment being structured and arranged to receive respective plugs;
> a plurality of signal pins provided at the bottom portion of the housing;
> a shield arranged at the bottom portion of the housing, the shield having a first electrically isolated conductive element electrically connected to one signal pin of the plurality of signal pins, the first conductive element being operable to suppress electromagnetic interference at the bottom portion of the housing; and
> a multilayer printed wiring board separating the two compartments.

(Id. at col. 11, 8-22.)

Plaintiffs' Amended Complaint states,

> At least the following magnetic jacks, which are manufactured, used, offered for sale, sold, and/or imported by Molex in or into the United States infringe one or more claims of each of the Asserted Patents: jacks to which Molex refers in its publications as "Single Port Magnetic Jacks," "Multi port Magnetic Jacks," "Single Port PoE Magnetic Jacks," "Multi port PoE Magnetic Jacks" and "Surface Mount Technology" jacks (collectively referred to as "Molex's Magnetic Jacks" or "Magnetic Jacks").

(Am. Compl. ¶ 13) Plaintiffs further allege that "Molex has been and is infringing, actively inducing others to infringe, and/or contributing to the infringement of one or more claims of each of the Asserted Patents" and "Molex has been and is knowingly inducing infringement of one or more claims of each of the

4

Asserted Patents with specific intent to do so." (Id. ¶¶ 20-21.) Plaintiffs assert that Defendant has been aware of the patents-in-suit through Plaintiffs' patent markings and/or because Defendant was provided a copy of Plaintiffs' initial complaint on April 11, 2012. (Id. ¶ 19.) Plaintiffs seeks compensatory damages and injunctive relief. (Id. ¶¶ 25, B, C.)

### B. Procedural Background

On April 22, 2013, Plaintiffs Bel Fuse Inc., Bel Fuse Ltd., Bel Fuse (Macau Commercial Offshore) Ltd., Bel Connector Inc., and Bel Transformer Inc. (collectively, "Bel Fuse") filed a complaint against Defendant Molex Incorporated ("Molex") alleging infringement of the patents-in-suit.[1] On August 20, 2013, Molex filed a partial motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). [Docket Item 8.] On August 20, 2013, Plaintiffs filed an Amended Complaint. [Docket Item 11.] Accordingly, the Court dismissed as moot Defendant's first motion to dismiss. [Docket Item 14.] Defendant then filed the instant motion to dismiss. [Docket Item 15.]

---

[1] Plaintiffs first alleged that Defendant infringed the patents-in-suit in a complaint filed April 12, 2012. Before service was effected, the parties engaged in settlement discussions. Judge Salas dismissed the action pursuant to Rule 4(m) on November 8, 2012. See Order Dismissing Action, Bel Fuse Inc. v. Molex Incorporated, Civ. 12-2192 (ES/CLW) (D.N.J. 2012), ECF No. 8.

**III. STANDARD OF REVIEW**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that plaintiff failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"Generally, in ruling on a motion to dismiss, a district court relies [only] on the complaint, attached exhibits, and matters of public record." Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007) (citation omitted). "Although a district court may not consider matters extraneous to the pleadings, 'a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.'" U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)).

**IV.  DISCUSSION**

    Defendant argues that Plaintiffs' Amended Complaint fails to state a claim for direct infringement under 35 U.S.C. § 271(a), induced infringement under 35 U.S.C. § 271(b), or contributory infringement under 35 U.S.C. § 271(c). The Court will address each argument in turn.

    **A. Direct Infringement**

    Defendant argues that Plaintiffs' Amended Complaint fails to state a claim for direct infringement under 35 U.S.C. § 271(a) because Plaintiffs' allegations of infringement are implausible due to overbreadth. Defendant provides two examples. First, Defendant asserts that each claim of the '817 patent requires a multi-port connector arrangement and thus a claim that a single port connector directly infringes the '817 patent is implausible. Second, Defendant asserts that the claims of the '910 patent require a capacitor and the claims of the '117 patent require a 3-wire common mode choke. (Def. Br. [Docket Item 15-1] at 11.) Because Defendant's "Surface Mount Technology" jacks have "no circuit components, let alone the circuit components required by the '910 and '117 patents," Plaintiffs "could not possibly succeed on a claim that all SMT jacks infringe one or both of these patents." (Id.) In sum, Defendant argues that while Plaintiffs need not "identify an

accused device by name," Plaintiffs' allegations are so broad they fail to recite facially plausible claims.

It is well-settled that to sufficiently plead direct infringement under 35 U.S.C. § 271(a) the complaint need only satisfy the requirements of Form 18 of the Federal Rules of Civil Procedure. In re Bill of Lading Transmission & Processing Sys. Patent Litig., 681 F.3d 1323, 1336 (Fed. Cir. 2012) ("As long as the complaint in question contains sufficient factual allegations to meet the requirements of Form 18, the complaint has sufficiently pled direct infringement."). "Form 18 and the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met" or "even identify which claims it asserts are being infringed." Id. at 1335 (citing McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1357 (Fed. Cir. 2007)). "[T]o the extent any conflict exists between Twombly (and its progeny) and the Forms regarding pleadings requirements, the Forms control." K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc., 714 F.3d 1277, 1283 (Fed. Cir. 2013) (citing In re Bill of Lading, 681 F.3d at 1334). However, "Form 18 in no way relaxes the clear principle of Rule 8, that a potential infringer be placed on notice of what activity or device is being accused of infringement." Id. at 1284.

Form 18 provides a sample complaint for direct patent infringement and requires:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent "by making, selling, and using [the device] embodying the patent"; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

Id. at 1283; see also Fed. R. Civ. P. Form 18.

The Court finds that Plaintiffs' Amended Complaint satisfies the requirements of Form 18. The Amended Complaint alleges that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, as well as personal jurisdiction over Defendant. (Am. Compl. ¶¶ 7-8.) The Complaint states that Plaintiffs own the patents-in-suit. (Id. ¶¶ 10-12.) Plaintiffs allege that Defendant has been infringing the patents-in-suit by "making, using, selling, offering for sale and/or importing products, including, but not limited to, its Magnetic Jacks . . . that are covered by one or more claims of each of the Asserted Patents." (Id. ¶ 20; see also id. ¶¶ 13, 21.) Plaintiffs also allege that Defendant had notice of its infringement at least since April 11, 2012 when Plaintiffs provided Defendant a copy of the initial complaint alleging infringement of the patents-in-suit. (Id. ¶ 19.) Last, Plaintiffs demand compensatory damages and injunctive relief. (Id. ¶¶ 22, 25, B, C.)

The cases Defendant relies on are distinguishable from the instant action. Defendant relies on K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc., 714 F.3d 1277 (Fed. Cir. 2013) for the proposition that "even under Form 18, claims of direct infringement that are unduly broad or facially implausible should be dismissed." (Def. Br. at 7.) However, Defendant ignores the Federal Circuit's holding in K-Tech that plaintiff satisfied the elements of Form 18 despite failing to identify any infringing device by name. K-Tech Telecommunications, 714 F.3d at 1286 ("That K-Tech cannot point to the specific device or product within TWC's or DirecTV's systems that translates the digital television signals each receives—especially when the operation of those systems is not ascertainable without discovery—should not bar K-Tech's filing of a complaint."). Additionally, Plaintiffs' allegations of infringement in the instant action are more specific than those in Prism Technologies, LLC v. AT&T Mobility, LLC, where the court deemed plaintiff's allegations too broad to satisfy Form 18. Civ. 12-122, 2012 WL 3867971, at *5 (D. Neb. Sept. 6, 2012) (granting motion to dismiss where plaintiff accused AT&T's "various wireless products and data services" of infringement because the allegation was "so vague that it encompasse[d] essentially AT&T's entire business, leaving AT&T with no notice").

10

In the present case, Plaintiffs specifically identify Defendant's allegedly infringing product lines by name. (Am. Compl. ¶ 13) (identifying "jacks to which Molex refers in its publications as 'Single Port Magnetic Jacks,' 'Multi port Magnetic Jacks,' 'Single Port PoE Magnetic Jacks,' 'Multi port PoE Magnetic Jacks and 'Surface Mount Technology' jacks"). In addition to identifying the allegedly infringing product lines by name, Plaintiffs also identify the type of end-products which incorporate the accused products and the names of third-party infringers. (Id. ¶¶ 18, 21.)

Further, Plaintiffs' Amended Complaint contains sufficient factual averments that Defendant is directly infringing the patents-in-suit unlike Air Vent, Inc. v. Owens Corning Corp., Civ. 10-1699, 2011 WL 2601043, at *3 (W.D. Pa. June 30, 2011) where the complaint only stated that the accused product "is sold together with special nails," not with the nails "presecured" as required by the claims of the patent at issue. Here, Plaintiffs' Amended Complaint states that Defendant "has been and is infringing . . . by, directly and/or through intermediaries, making, using, selling, offering for sale and/or importing" the accused products. (Am. Compl. ¶ 20.)

Finally, the instant action is distinguishable from Pieczenik v. Abbott Labs. where plaintiff alleged that defendants "made purchases" of the accused products and where

11

another court had previously construed claims in the patent at issue. Civ. 10-2230 (JAP), 2011 WL 1045347, at *6 (D.N.J. Mar. 23, 2011), aff'd sub nom. Pieczenik v. Bayer Corp., 474 F. App'x 766 (Fed. Cir. 2012) (holding that plaintiff's claim failed as a matter of law where "courts [had] construed the '363 patent as covering a 'library,' which is a collection of nucleic acids," and thus, "to the extent that the Complaint contains references individual and/or synthetically manufactured peptides and individual antibodies, those fall outside of the scope of the patent and the allegations cannot support a claim for infringement"). In affirming the lower court's decision, the Federal Circuit noted that plaintiff's complaint stated that "these defendants purchased 'combinatorial peptide phage display libraries' sold by New England Biolabs, but [did] not state how these libraries and their purchase" by any or all of the forty-one listed defendants infringed the patent at issue. Pieczenik v. Bayer Corp., 474 F. App'x 766, 771 (Fed. Cir. 2012). Here, there has been no claim construction and Plaintiffs' allegations are sufficient to put the sole Defendant on notice as to the allegedly infringing conduct.

To the extent Defendant's plausibility argument requires the Court to engage in claim construction, the Court finds such an inquiry inappropriate at this stage. See In re Bill of Lading, 681 F.3d at 1343 ("[T]o the extent the district court

based its assessment of the 'reasonableness' of a given inference of infringement on a narrow construction of the patent's claims, claim construction at the pleading stage—with no claim construction processes undertaken—was inappropriate. We afford the claims their broadest possible construction at this stage of the proceedings.") (citation omitted); <u>Walker Digital, LLC v. Facebook, Inc.</u>, 852 F. Supp. 2d 559, 563 (D. Del. 2012) ("The court is not prepared to engage in a claim construction exercise at this stage of the proceedings, with no context whatsoever provided by discovery or a motion practice."). Further, the Court rejects Defendant's contention that "[n]o claim construction or substantive patent infringement analysis is required for the Court to" conclude that "certain of [Plaintiffs'] allegations of direct infringement cannot possibly succeed." (Def. Reply at 3, 9.) Defendant's characterization of what each patent-in-issue "requires" belies its argument.[2] (Def. Br. at 10-12.)

---

[2] Moreover, the Court declines to address Defendant's two examples that certain of Defendant's products could not plausibly infringe Plaintiffs' patents because Defendant asks the Court to consider documents "extraneous to the pleadings." <u>U.S. Express Lines Ltd. v. Higgins</u>, 281 F.3d 383, 388 (3d Cir. 2002). Contrary to Defendant's argument, Plaintiffs do not rely on Defendant's publications in the Amended Complaint. The only documents attached to the Amended Complaint are Plaintiffs' patents. The mere mention of Defendant's "publications" as the source of the names of the accused products does not entitle Defendant to rely on any document available through its website without converting this motion to a motion for summary judgment.

In light of the foregoing, the Court finds that Plaintiffs' Amended Complaint satisfies the requirements of Form 18 and states a plausible claim for direct infringement.

**B. Induced Infringement**

Defendant argues that because certain of the accused products cannot infringe one or more of the patents-in-suit, Plaintiffs fail to state a plausible claim for induced infringement. Defendant's argument fails for the same reasons as discussed above.

Unlike direct infringement, satisfying the requirements of Form 18 is not sufficient to state a claim for induced infringement. See In re Bill of Lading, 681 F.3d at 1336 ("Form 18 should be strictly construed as measuring only the sufficiency of allegations of direct infringement, and not indirect infringement."). Instead, claims of induced infringement are governed by the "plausibility" standard of Iqbal and Twombly. Id. at 1336-37.

Four elements are required to state a claim for induced infringement: "(1) there was direct infringement by the induced party; (2) the inducer had knowledge of the asserted patents; (3) the inducer "possessed specific intent [and] not merely . . . knowledge of the acts alleged" to induce; and (4) there was active inducement of the direct infringer. Medtronic Vascular, Inc. v. Boston Scientific Corp., 348 F. Supp. 2d 316, 323 (D.

Del. 2004) (citing Ferguson Beauregard/Logic Controls v. Mega Sys., 350 F.3d 1327, 1342 (Fed. Cir. 2003)).

Notably, Defendant does not argue that Plaintiffs' Amended Complaint fails to satisfy these elements. Instead, Defendant merely reprises its argument that certain of Defendant's products could not plausibly infringe the patents-in-suit. Because the Court rejected above Defendant's only argument that Plaintiffs fail to state a claim for induced infringement and Plaintiffs have pleaded the required elements, no additional analysis is necessary. In declining to further entertain Defendant's non-infringement arguments, the Court notes that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Twombly, 550 U.S. at 556 (internal quotations omitted).

Therefore, the Court finds that Plaintiffs' Amended Complaint states a plausible claim for induced infringement.

### C. Contributory Infringement

Defendant argues that Plaintiffs' Amended Complaint does not allege the required elements to state a claim for contributory infringement under 35 U.S.C. § 271(c). Specifically, Defendant contends that Plaintiffs have failed to allege the existence of a third-party direct infringer, that the accused products are a material part of the broader invention,

15

that the accused product was especially adapted to infringe the patents-in-suit, and that the accused product has no substantial non-infringing uses. Finally, Defendant contends that Plaintiffs' claims of contributory infringement should be dismissed as implausible for the same reasons rejected above.

As with induced infringement, satisfying the requirements of Form 18 is not sufficient to state a claim for contributory infringement and claims of contributory infringement are governed by Iqbal and Twombly. See In re Bill of Lading, 681 F.3d at 1336-37.

"Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'" Id. at 1337 (quoting 35 U.S.C. § 271(c)). Courts have held that a complaint states a facially plausible claim of contributory infringement where it alleges that defendant: "(1) had knowledge of the patent; (2) sold products especially made for infringing use; (3) had knowledge of the infringing use; (4) sold products with no substantial noninfringing use; and (5) directly infringed." Walker Digital, LLC v. Facebook, Inc., 852 F. Supp. 2d 559, 566 (D. Del. 2012); Versata Software, Inc. v. Callidus

16

Software, Inc., 944 F. Supp. 2d 357, 363 (D. Del. 2013) (allowing contributory infringement claims to proceed where plaintiff alleged that defendant "directly infringes and has knowledge that its products lack substantial non-infringing uses").

Here, Plaintiffs' Amended Complaint sufficiently alleges the above elements. Plaintiffs allege that Defendant had knowledge of the patents-in-suit (Am. Compl. ¶ 19); that Defendant sold the accused products with knowledge that "its Magnetic Jacks are made for use in infringement and are not staple articles of commerce suitable for substantial non-infringing use;"[3] (Id. ¶ 21); and Defendant directly infringed (Id. ¶ 20.) Accordingly, Plaintiffs claims are facially plausible and provide adequate notice of contributory infringement.

---

[3] The present action is distinguishable from Superior Indus., LLC v. Thor Global Enterprises Ltd., 700 F.3d 1287, 1296 (Fed. Cir. 2012) where plaintiff failed to allege that the accused products were "especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use" as required by 35 U.S.C. § 271(c), and In re Bill of Lading, 681 F.3d at 1339 where "the amended complaints actually ma[de] clear on their face that Appellees' products [did] have substantial non-infringing uses." Plaintiffs have specifically alleged that Defendant's "Magnetic Jacks are made for use in infringement and are not staple articles of commerce suitable for substantial non-infringing use," and it is not clear from the Amended Complaint that the accused products have substantial noninfringing uses.

The Court rejects Defendant's argument that Plaintiffs fail to allege that the accused products are "a material part of the invention" because Plaintiffs explicitly allege that Defendant's "Magnetic Jacks are incorporated into end-products which, include, but are not limited to, ATM machines, security systems, LCD and TV panels, laptops, computers . . . ."[4] (Id. ¶ 18.) Defendant's argument that Plaintiffs fail to plead the existence of a third-party direct infringer is also without merit because Plaintiffs' Amended Complaint specifically identifies potential third-party direct infringers "including, but not limited to, Cisco Systems, Inc., Hewlett Packard Company and/or their contract manufacturers, whose end-products incorporate or constitute Molex's Magnetic Jacks."[5] (Id. ¶ 21.) Accordingly, Plaintiffs' claims for indirect and direct infringement are not based on "the same patents" and "the same activities," as Defendant argues. (Def. Reply at 11.) Moreover, for the reasons discussed above, the Court rejects Defendant's argument that

---

[4] The Court is unable to decide at this stage whether Defendant is correct that "Molex's products, if they include the required circuit elements configured as claimed [with two circuit elements—a transformer and a 3-wire common mode choke—connected to yet other circuits], would constitute the *entire* invention and not a material *part* of it." (Def. Br. at 14.)

[5] Plaintiffs' identification of third-party direct infringers distinguishes the instant action from Radiation Stabilization Solutions, Inc. v. Varian Med. Sys., Inc., Civ. 11-7701, 2012 WL 3757489, at *4 (N.D. Ill. Aug. 28, 2012) where the complaint contained "no allegation of any third party who may have been aided or induced to infringe by any of the Defendants."

Plaintiffs' contributory infringement claim should be dismissed as implausible.

To the extent that Defendant asserts that Plaintiffs' allegations fail to sufficiently distinguish between contributory infringement and induced infringement, the Court notes that Plaintiff will shortly have the obligation to specify its contentions when it serves its "Disclosure of Asserted Claims and Infringement Contentions" under L. Pat. R. 3.1, accompanied by its document production accompanying that disclosure as required by L. Pat. R. 3.2. If Plaintiffs are unable to provide this specificity pertaining to either contributory infringement or induced infringement at that time, the claim or claims may be subject to a motion for pretrial summary judgment. The Court holds, however, that the existing Amended Complaint suffices at this initial stage of the litigation.

Therefore, the Court finds that Plaintiffs' Amended Complaint alleges the required elements and states a facially plausible claim for contributory infringement.

## V. CONCLUSION

For the reasons discussed above, the Court finds that Plaintiffs' Amended Complaint satisfies the minimal pleading requirements and states plausible claims for direct, induced, and contributory infringement. Therefore, the Court will deny

Defendant's motion to dismiss for failure to state a claim. An accompanying Order will be entered.

| | |
|---|---|
| **June 16, 2014** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |